## GARFIELD *v*. PARIS.

1. Matters of evidence are not required to be stated in a bill of particulars.
2. A purchaser's receipt and acceptance of goods sufficient to satisfy the Statute of Frauds may be constructive.
3. A. contracted by parol, in New York, for the purchase of a large quantity of spirituous liquor of B., who, by the agreement, was to furnish certain labels. B. delivered them, pursuant to instruction, to A. in New York, and shipped the liquor to A. in Michigan, where he resided. A., when sued for the price of the liquor, no part of which had been paid, insisted that the contract was not completed until the delivery of the liquor in Michigan, and he relied upon the prohibitory liquor law of that State, which declares that all such contracts are null and void. The jury found that the labels added to the value of the liquor, and formed part of the price, and that A. accepted them in New York as a part of the goods sold. *Held*, that the finding of the jury upon the question of acceptance being final and conclusive, the contract was executed in New York, and was by the laws thereof valid.

ERROR to the Circuit Court of the United States for the Eastern District of Michigan.

This was an action by Paris, Allen, & Co., of New York, against Garfield & Wheeler, of Detroit, Mich., to recover for certain spirituous liquors sold to the defendants by the plaintiffs, in the city of New York.

The facts are stated in the opinion of the court.

Verdict and judgment for the plaintiffs; whereupon the defendants sued out this writ of error.

*Mr. Henry M. Duffield* for the plaintiffs in error.

The admission of the evidence concerning the labels, which were not mentioned in the bill of particulars, was erroneous.

" The office of a bill of particulars is to inform the opposite party of the causes of action to be relied upon on the trial. which are not specifically set out in the declaration." Bosworth, J., in *Bowman v. Earle*, 3 Duer (N. Y.), 694; *Davis v. Freeman*, 10 Mich. 188. The plaintiff will be confined to the items it contains. 2 Archb. Pr. 222; 1 Tidd, Pr. 599; *Williams v. Sinclair*, 3 McLean, 289. When furnished, it is deemed part of the declaration. *Starkweather v. Kittle*, 17 Wend. (N. Y.); 20. The plaintiff must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration. *Commonwealth v. Giles*, 1 Gray (Mass.), 469; *Commonwealth v. Snelling*, 15 Pick.

(Mass.) 321.   Plaintiff will not be allowed to establish his claim in a manner different from that in which he has elected by his bill of particulars to consider the defendant his debtor. *De Sobry* v. *De Laistre*, 2 Har. & J. (Md.) 191.

If the sale of the liquor was a Michigan contract, it was void under the prohibitory liquor law of that State, and the plaintiffs cannot recover. *Myers* v. *Carr*, 12 Mich. 63; *Roethke* v. *Philip Best Brewing Co.*, 33 id. 341; *In re Paddock*, 6 Nat. Bank. Reg. 132.

The sale was not made in the State of New York, unless there consummated. The delivery of the labels to one of the plaintiffs in error was not a receipt and acceptance of part of the goods sold. These labels were not invoiced; no price was put upon them; no given amount or number of them was agreed to be furnished; nothing was added to the price of the whiskey on account of them. They are not proven to be of any value. The receipt and acceptance by the buyer must be such as completely affirms the contract. Heath, J., in *Kent* v. *Huskinson*, 3 Bos. & Pul. 223.

It must appear that the vendor has parted with the possession of the goods, and placed them under the control of the purchaser, so as to put a complete end to all the rights of the unpaid vendor, as such. *Gray* v. *Davis*, 10 N. Y. 285; *Messer* v. *Woodman*, 22 N. H. 172; Addison, Contr. 113, note 3. It is not enough that the buyer should have taken a part of the goods in his possession, Browne, Stat. Frauds, sect. 326; nor have taken out a sample, *German* v. *Boddy*, 2 Car. & Kir. 145; nor even examined the whole lot delivered, for the purpose of ascertaining the quantity or quality, *Baylis* v. *Lindy*, 4 L. T. N. s. 176; even though the lot be injured thereby, *Curtis* v. *Pugh*, 10 Ad. & E. 111; *Elliott* v. *Thomas*, 3 Mee. & W. 170.

A case somewhat resembling this is decided against the validity of the contract, in *Delventhal* v. *Jones*, 53 Mo. 460. And the later decisions have firmly laid down the important and true principle that there can be no acceptance and receipt affirming and binding the contract, so long as the buyer has the privilege of returning the goods as objectionable in quantity or quality. *Hanson* v. *Armitage*, 5 Barn. & Ald. 557; *Howe* v. *Palmer*, 3 id. 321; *Acebal* v. *Levy*, 10 Bing. 376; *Nicholle* v.

*Plume*, 1 Car. & P. 272; *Norman* v. *Phillips*, 14 Mee. & W. 277; *Smith* v. *Surnam*, 9 Barn. & Cress. 561; *Coats* v. *Chaplin*, 3 Add. & E. N. S. 483; *Jordan* v. *Norton*, 4 Mee. & W. 155. And see, to the same effect, *Shindler* v. *Houston*, 1 Comst. (N. Y.) 261; *Outwater* v. *Dodge*, 6 Wend. (N. Y.) 400; *Lloyd* v. *Wright*, 25 Ga. 215; *Spencer* v. *Hale*, 30 Vt. 314; *Maxwell* v. *Brown*, 39 Me. 98; *Shepherd* v. *Pressy*, 32 N. H. 49; *Coombs* v. *Bristol & Exeter Railway Co.*, 3 H. & N. 510; *Rogers* v *Phillips*, 40 N. Y. 519.

Can it be seriously urged, that, by merely allowing the labels to be sent to the hotel of one of the plaintiffs in error, in New York, they thereby precluded themselves from objecting that the liquor afterwards furnished was not what they purchased? Could the plaintiffs have compelled defendants to take any liquors they might choose to ship, because Wheeler, while in New York, had accepted a few labels? Or, on the other hand, can it be claimed that the defendants in error, by delivering the labels, had lost their right of stoppage *in transitu*, in case the other party became insolvent?

The court declined to hear counsel for the defendants in error.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Neither the manufacture nor the sale of spirituous or intoxicating liquors is allowed by the law of the State where the present controversy arose. Instead of that, the State law provides that all payments made for such liquors so sold may be recovered back, and that all contracts and agreements in relation to such sales shall be utterly null and void against all persons and in all cases; with an exception in favor of the *bona fide* holders of negotiable securities and the purchasers of property without notice. 1 Comp. Laws, Mich., p. 690.

Two bills of goods, consisting of spirituous liquors, were purchased of the plaintiffs by the defendants, which, including exchange, amounted to $4,143.69. Payment being refused, the plaintiffs brought suit in the court below to recover the amount, and the verdict and judgment were for the plaintiffs. Exceptions were taken by the defendants, and they sued out the present writ of error.

Sufficient appears to show that the plaintiffs are citizens of New York, and that the defendants are citizens of Michigan; that the liquors were purchased of the plaintiffs, as alleged; and that the same were received and sold by the defendants: but they set up the prohibitory liquor law of the latter State, providing that all such contracts are utterly null and void.

Evidence was introduced by the plaintiffs, showing that the liquors were ordered by one of the defendants at a time when he was temporarily in the city of New York; and that the plaintiffs, by his request, sent certain labels to be attached to the same, to the defendant, at the hotel in that city where he was stopping. By the agreement at the time the sale was made, the plaintiffs were to furnish these labels to the purchasers; and the evidence showed that the value of the labels entered into the price charged for the liquors, and that the labels, by the terms of the contract, were to be furnished to the buyers, by the sellers, without any other charge than the price to be paid for the liquors. Labels of the kind were something more than ordinary labels affixed to bottles, as they indicated not only the kind of liquor which the bottle contained, but also embraced an affidavit that the distillation was genuine, and of the particular brand manufactured and distilled by the plaintiffs; support to which is derived from the fact that the label was copyrighted, so that no other person than the plaintiffs had any right to make, use, or vend it.

Certain questions were submitted to the jury, among which were the following: Were there any receipt and acceptance in New York of part of the goods sold; and, if so, what was so received? To which the jury answered, There was; to wit, certain labels. Was any thing added to the price of the liquors on account of the labels, and, if so, what amount or price? Answer: There was nothing added; but the labels added to the value of the liquors, and formed part or parcel of the price.

Testimony was offered by the plaintiffs in respect to the delivery of the labels to the defendant while he was at the hotel in New York, to which the defendants objected; but the court overruled the objection, and the testimony was admitted, subject to the defendant's objection.

Errors assigned are in substance and effect as follows: 1. That the court erred in refusing to charge the jury that the delivery of the labels, as proved, was not a receipt and acceptance of part of the goods sold within the meaning of the State Statute of Frauds. 2. That the court erred in refusing to charge the jury that the evidence was not sufficient to take the case out of the Statute of Frauds. 3. That the court erred in refusing to charge the jury that the sale was not consummated until the defendants received and accepted the goods in the State where they resided. 4. That the court erred in instructing the jury that the defence set up is one not to be favored, and that the proof to support it must be clear and satisfactory, before the jury can consistently enforce it. 5. That the statute is a penal statute, in derogation of the rights of property; and that for that reason, if for no other, it must receive a strict construction. 6. That the court erred in instructing the jury that if the labels were included in the contract, and the liquors were worth more to the defendants on account of the labels, then the receipt and acceptance of the same by the acting defendant took the case out of the New York Statute of Frauds, and their verdict should be for the plaintiffs.

Due exception was also made to the ruling of the court in admitting the evidence reported in respect to the delivery and acceptance of the labels furnished to the purchasers at the time the order for the liquors was filled, the objection being that the labels are not mentioned in the plaintiff's bill of particulars filed in the case.

Matters of evidence are never required to be stated in such a paper. Courts usually require such a notice where the declaration is general, in order that the defendant may know what the cause of action is to which he is required to respond. Nothing is wanted in this case to meet that requirement, as all the items of the demand are distinctly and specifically stated in the bill filed in compliance with the order of the court.

Merchants selling spirituous liquors in bottles usually label the bottles, to indicate the kind, character, age, quality, or proof of the liquor, or to specify the name of the manufacturer, or the place where it was manufactured or distilled. Such are somewhat in the nature of trade-marks, and are useful to the seller

·of the liquors, to enable him to distinguish one kind of liquor from another without opening the bottle, and to· commend the article to his customers without oral.explanation.

Coming to the errors formally assigned, it is manifest that the first and second may be considered .together, as they depend entirely upon the same considerations.

Both parties concede that the bargain for the sale of the liquors in this case was made in New York; and, by the laws of that State, contracts for the sale of any goods, chattels, or ·things in action, for the price of $50 or more, shall be void, unless, 1, a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby; or, 2, unless the buyer shall accept and receive part of such goods, or. the evidences, or some of them, of· such·things in action; or, 3, unless the buyer shall at the time pay·some part of the purchase-money. 3 Rev. Stats. New York. (6th ed.), 142, sect. 3.

Four answers. are· made by the plaintiffs to that proposition, each of which will. receive a brief consideration :—

1. That the defendants received and accepted the labels which the plaintiffs, contracted to furnish at the time. they filled the order for the liquors. 2. That the case is not within the Statute of Frauds, inasmuch as the defendants received the liquors, and sold the same for their own benefit. 3. That the· statute of Michigan, prohibiting the sale of such liquors, and ·declaring such contracts null and void, has been repealed. 4. That the subsequent letter written by· the defendants to the plaintiffs takes the case out of the operation of, the statute requiring such a contract to be in writing.

Authorities almost numberless hold that there is a broad distinction. between the principles applicable to the formation of the contract and those applicable to its. performance, which appears with sufficient clearness from the language of the statute, — such. a contract must be in writing, or there must be some note or memorandum of the same to be subscribed by the party to be charged: but the same statute. concedes that the party becomes liable for the whole amount of the goods, if he accepts and receives part of the same, or the evidences, or some of them, of such things in action; and the authorities agree,

that, where the question is whether the contract has been ful-filled, it is sufficient to show an acceptance and actual receipt of a part, however small, of the thing sold, in order that the contract may be held to be good, even though it does not preclude the purchaser from refusing to accept the residue of the goods, if it clearly appears that they do not conform to the contract. Benjamin on Sales (2d ed.), 117; *Hinde* v. *White-house*, 7 East, 558; *Morton* v. *Tibbett*, 15 Ad. & E. N. s. 427.

Hence, said Lord Campbell, in the case last cited, the pay-ment of any sum in earnest to bind the bargain, or in part payment, is sufficient; the rule being, that such an act on the part of the buyer, if acceded to on the part of the vendee, is an answer to the defence.

"Accept and receive" are the words of the statute in ques-tion; but the law is well settled, that an acceptance sufficient to satisfy the statute may be constructive, the rule being that the question is for the jury whether the circumstances proved, of acting or forbearing to act, do or do not amount to an acceptance within the statute. *Bushel* v. *Wheeler*, 15 Ad. & E. N. s. 445; Chitty, Contr. (10th ed.) 367; *Parker* v. *Wallis*, 5 El. & Bl. 21; *Lillywhite* v. *Devereux*, 15 Mee. & W. 285; *Simmonds* v. *Humble*, 13 C. B. N. s. 261; Addison, Contr. (6th ed.) 169.

Questions of the kind are undoubtedly for the jury; and it is well settled that any acts of the parties indicative of owner-ship by the vendee may be given in evidence to show the re-ceipt and acceptance of the goods to take the case out of the Statute of Frauds. Conduct, acts, and declarations of the pur-chaser may be given in evidence for that purpose; and it was held, in the case of *Currie* v. *Anderson* (2 El. & El. 591), that the vendee of goods may so deal with a bill of lading as to afford evidence of the receipt and acceptance of the goods therein described. *Gray* v. *Davis*, 10 N. Y. 285.

Throughout, it should be borne in mind that one of the de-fendants in person visited the plaintiff's place of business, and while there ordered the liquors, and that the liquors were all received by the defendants at their place of business, and were sold by them for their own benefit; that the contract between the sellers and purchasers was that the former should furnish

the labels as part of the contract; and the evidence shows that they fulfilled that part of the contract, and that they delivered the same to the contracting party at his hotel, before he left the State where the purchase was made.

Satisfactory evidence was also introduced by the plaintiffs, showing that they drew a draft on the defendants for the payment of the price, and that the defendants answered the letter of the plaintiffs declining to accept the same, as more fully set forth in the record, in which they state that the purchase was on four months, with the further privilege of extending the time two months longer by allowing seven per cent interest, adding, that if the plaintiffs doubted their word, they had " a written contract to that effect." What they claim in the letter is that the arrangement was made with the salesman; and they state that they would not have given him the order, if he had not given them "those conditions." They make no complaint that the liquors were not of the agreed quantity and quality, and certainly leave it to be implied that they had been duly received, and that they were satisfactory.

It was contended by the plaintiffs that the case was taken out of the Statute of Frauds: 1. Because the labels were a part of what was purchased, and that the defendants accepted and received the same at the time and place of the purchase. 2. That the subsequent letter, as exhibited in the record, is sufficient for that purpose.

Enough appeared at the trial to show that the labels were copyrighted, and that the plaintiffs agreed to furnish the same without any additional charge; and the bill of exceptions also shows that it was conceded that the defendants accepted and received the labels at the hotel, as claimed by the plaintiffs. Still, the defendants denied that the labels were of any value, or that they entered into or constituted any part of the things purchased; both of which questions the circuit judge submitted to the jury, remarking, at the same time, that by the furnishing the labels with the liquors the defendants acquired the right to use the copyright to that extent, without which, or some equivalent permission or license, they would have had no such lawful authority.

Pursuant to these suggestions, the jury were directed to as-

certain whether the liquors were worth more to the defendants on account of the labels, and whether the labels were included in the contract; and they were instructed, that, if they found affirmatively in respect to both of these inquiries, then the receipt and acceptance of the labels as alleged took the case out of the Statute of Frauds, because then there was a receipt and acceptance by the defendants of a portion of the things purchased.

Appropriate instruction was also given to the jury in respect to the subsequent letter sent by the defendants to the plaintiffs; and the jury were told by the presiding judge, that if they found, under the instructions given, that the defendants received and accepted a part of the things purchased, then the contract was made valid as a New York contract, and that their verdict should be in favor of the plaintiffs. *Currie* v. *Anderson, supra.* That if the contract was not made valid by the acceptance and receipt of the labels, nor by the letter exhibited in the record, then it was a Michigan contract, and their verdict should be for the defendants. *Meredith* v. *Meigh,* 2 El. & Bl. 364; *Castle* v. *Sworder,* 6 H. & N. 828; Law Rep. 1 C. P. 5.

Controlling authorities already referred to show that the question whether the goods or any part of the same were received and accepted by the purchaser is one for the jury, to which list of citations many more may be given of equal weight and directness. Just exception cannot be taken to the form in which the question was submitted to the jury; and the record shows that the verdict was for the plaintiffs, and that the jury found, in response to the fifth question, that the labels added to the value of the liquors, and that they formed part or parcel of the price. *Jackson* v. *Lowe,* 7 Moore, 219.

Where goods are purchased in several parcels, to be paid for at a future day, the whole, within the meaning of the Statute of Frauds, constitutes but one contract, and the delivery of part to the purchaser is sufficient to take the case out of the operation of the Statute of Frauds. *Mills* v. *Hunt,* 20 Wend. (N. Y.) 431.

Apply the finding of the jury in this case to the conceded facts, and it shows that the defendants were in the situation of

a purchaser who goes to a store and buys different articles, at separate prices for each article, under an agreement for a credit, as in this case, accepting a part, but leaving the bulk to be forwarded by public conveyance. Frequent cases of the kind occur; and it is well settled law that the delivery of a part of the articles so purchased, without any objection at the time as to the delivery, is sufficient to take the case out of the Statute of Frauds as to the whole amount of the goods. *Mills* v. *Hunt,* 20 id. 431.

The delivery in such a case, in order that it may have that effect, must be made in pursuance of the contract, the question whether it was so made or not being one for the jury; but if they find that question in the affirmative, then it follows that the case is taken out of the Statute of Frauds. *Van Woert* v. *Albany & Susquehanna Railroad Co.,* 67 N. Y. 539.

Parol evidence is admissible to show what the circumstances were attending the contract, and to show the receipt and acceptance, in whole or in part, of the goods purchased. *Tomkinson* v. *Staight,* 17 C. B. 695; *Kershaw* v. *Ogden,* 3 H. & C. 715.

Due acceptance and receipt of a substantial part of the goods will be as operative as an acceptance and receipt of the whole; and the acceptance may either precede the reception of the article, or may accompany their reception. 2 Whart. Evid., sect. 875.

Differences of opinion have existed upon some of these matters; but all the authorities, or nearly all, concur that the question is for the jury, to be determined by the circumstances of the particular case. Id.

Viewed in the light of these suggestions, it is clear that the question whether the evidence showed that the case was taken out of the Statute of Frauds by the acceptance and receipt by the defendants of a part of what was purchased by them, in connection with the letter of the defendants exhibited in the record, was fairly submitted to the jury, and that their finding in the premises is final and conclusive.

Attempt was also made by the plaintiffs to support the judgment, upon the ground that the defendants were estopped to set up the Statute of Frauds as a defence, in view of the fact that they had received the liquors and sold the same for their

own benefit; but it is not necessary to examine that proposition in view of the conclusion that the case is taken out of the operation of the statute by the other evidence and the finding of the jury. Nor is it necessary to give any consideration to the proposition that the act of the State of Michigan to prevent the manufacture and sale of spirituous and intoxicating liquors as a beverage is repealed, for the same reason, and also for the additional reason, that the repealing clause saves "all actions pending, and all causes of action which had accrued at the time" the repealing act took effect. Sess. Acts, 1875, p. 279.

Having come to the conclusion that the case is taken out of the Statute of Frauds, it is not deemed necessary to give the other assignments of error a separate examination. Suffice it to say, that the court is of the opinion that there is no error in the record.

*Judgment affirmed.*