GOLDSTANDT-POWELL HAT COMPANY v. J. J. CUFF.

(Filed September 5, 1907.)

(91 Pac. 862.)

1. SALES—Acceptance of Goods Purchased—Shipment of Goods Not Purchased—Findings of Jury Conclusive. Where an action is brought by a wholesaler against a retail merchant for the price of goods sold and delivered, and the defense is that the goods not paid for were not the goods ordered, and that they were returned to the wholesale house within two weeks after they were received, and that they were never exposed for sale, and the evidence is conflicting, the issue of acceptance is one of mixed law and fact, which the jury must decide under proper instructions.

2. SAME Where a retail merchant orders goods of a certain class and quality from a wholesale dealer, and it ships a part of the goods ordered, and also other goods which were not ordered, the retailer may pay for the goods of the kind and quality ordered without making himself liable for the goods not ordered. And where he does not accept the goods not ordered but, within a reasonable time, in the light of the surrounding circumstances, returns them, he will not be liable therefor.

(Syllabus by the Court.)

*Error from the Probate Court of Pottawatomie County; before William N. Maben, Probate Judge.*

Affirmed.

*R. N. McConnell* and *Chambers, Taylor & Hooker*, for plaintiff in error.

*C. G. Pitman*, for defendant in error.

Opinion of the court by

BURWELL, J.:   The Goldstandt-Powell Hat Company is engaged in the wholesale business in Kansas City, Missouri, and on or about November 17, 1904, it, through its traveling salesman, sold the defendant a bill of goods consisting of hats, caps, gloves, etc.   The goods were not all shipped at one time.   The first shipment, amounting to about $190.00, was received by the defendant at his place of business in Maud, Oklahoma, during the first week in December, 1904.   When the defendant opened the boxes in which the goods were shipped, he found only about $40.00 or $50.00 worth of the goods were of the sizes and kinds of goods ordered.   These he put on the shelves for sale.   The remainder of the shipment he set back and never offered to the trade.   On December 17, 1904, the defendant wrote to the wholesale house, stating that the goods sent to him were not what he had ordered, and requesting the house to send him the remainder of the goods as per his order given the traveling salesman.   On December 19, 1904, he received the remainder of the order, and, finding that the goods sent him in that shipment were not the goods ordered, he boxed them up, as well as the other goods which he had not ordered, and returned them to the wholesale house at Kansas City; but, although it received due notice from the transportation company and the defendant, it never would receive the goods, and brought this suit for the purchase price thereof.   The defendant paid for the goods not returned by him.   On the trial, the jury found for the defendant.

It is contended by the appellant that, under the above state of facts, no matter whether or not the goods shipped were of the

kind and quality ordered, the defendant was estopped from saying that he did not accept them.  As to whether or not the goods shipped were of the kind and quality ordered, and were accepted by the defendant, were issues which the court submitted to the jury, which found in favor of the defendant.  These findings, being supported by the evidence, are conclusive and binding upon the court.

Mr. Justice Clifford, in the case of *Garfield v. Paris,* 96 U. S. 557, commenting upon the law on this subject, said:

" 'Accept and receive' are the words of the statute in question, but the law is well settled that an acceptance sufficient to satisfy the statute may be constructive, the rule being that the question is for the jury whether the circumstances proved, of acting or forebearing to act, do or do not amount to an acceptance within the statute.  Questions of this kind are undoubtedly for the jury."

And again, in the same opinion:

"Controlling authorities already referred to show that the question whether the goods or any part of the same were received and accepted by the purchaser, is one for the jury, to which list of citations many more may be given of equal weight and directness."

See, also, Am. & Eng. Enc. of Law (2nd. Ed.) vol. 24, page 1088.

Nor did the defendant, by accepting and paying for the goods ordered, make himself liable for the good shipped to him which he did not order.  The defendant had a right to pay for the goods ordered and return those not ordered.  He could also insist upon the plaintiff delivering the remainder of the goods ordered, or waive the same.

The authorities cited by counsel for appellant regarding the interpretation of contracts for the sale of different articles of personal property at one sale, and their insistance that a vendee under such circumstances must receive all of the different articles, have no application to this case.  The jury found that the arti-

cles returned by the defendant were not ordered by him, and hence they were not included in the contract of purchase.

The judgment of the probate court of Pottawatomie county is affirmed, at the cost of appellant.

Irwin, J., absent; all the other Justices concurring.