L. EDWARD STOPFEL, Respondent, *v.* OWEN TEARNEY, Appellant.

Fourth Department, November 14, 1923.

Sales — action against buyer to recover damages for refusal to accept lighting plant — defense of Statute of Frauds — delivery of template containing diagram and directions for making foundation not partial delivery.

In an action to recover damages for the breach of a contract of sale of a lighting plant which the defendant refused to accept, a partial delivery sufficient to satisfy the Statute of Frauds is not shown by the delivery and acceptance of a copy of the template which consisted of a diagram and certain directions printed on a sheet of paper showing how to build the concrete foundation for the plant, which foundation was to be built by the purchaser, since it appears that the template did not enter into the price of the plant, which could be installed without using it.

APPEAL by the defendant, Owen Tearney, from a judgment of the County Court of the county of Wayne, entered in the office of the clerk of said county on the 23d day of April, 1923, affirming a judgment of a Justice's Court of the town of Galen in said county in favor of the plaintiff.

*George V. Fleckenstein, Jr.,* for the appellant.

*Jesse C. Petteys,* for the respondent.

CROUCH, J.:

There was an oral contract between the parties whereby plaintiff sold and defendant bought a farm lighting plant at the agreed price of $515. Defendant refused to accept delivery. Plaintiff sued in a Justice's Court to recover damages for such refusal, and had a verdict for $75. Upon appeal to the County Court of Wayne county the judgment was affirmed.

The defense was the Statute of Frauds. (See Pers. Prop. Law § 85, as added by Laws of 1911, chap. 571.) Plaintiff claimed that there was a partial delivery, receipt and acceptance by defendant which avoided the defense. Ordinarily that question is one of fact, but it may be decided by the court when the uncontroverted

proofs leave no doubt. (*Stone* v. *Browning*, 68 N. Y. 598; *Garfield* v. *Paris*, 96 U. S. 557; 1 Williston Cont. § 563.)

The evidence in the case shows that at the time the contract was made plaintiff told defendant there was a " template " showing how to build the concrete foundation for the plant. Such foundation is built by the purchaser. Defendant said that when the template came he wanted it so that the masons could set the foundation. A copy of the template was put in evidence. It consists of a diagram and certain directions printed on a sheet of paper about seventeen inches square. Plaintiff testified that the State distributor for the manufacturer gave him the copy in evidence. He further testified: " Have had several — one comes with each plant. There is no charge for them. They come with plant. I would give you [attorney] one if you asked for it. It is usually put in when a plant is bought."

Sometime after the contract was made plaintiff received a copy of the template, and told defendant he had it. Defendant said: " All right, I want it, and then I'll have it ready. I will drive around and get it before I go home." But plaintiff, lest he should miss defendant at the store, got the template and took it to defendant at the Farmers' Exchange. The plaintiff at that time did not have the plant itself on hand, and did not receive it until two months later.

It can hardly be said that the template was part of the goods sold. It constituted no part of the value which entered into the price of the plant; copies could be had for nothing; it was not copyrighted; obviously the plant could be installed without using it. Some directions for installation accompany many articles, large and small, sold on the market; such directions are in the interest not only of the buyer, but also of the seller, as tending to insure the satisfactory operation of the machine or device installed. In all those respects this template differed from the labels, delivery, receipt and acceptance of which, in *Garfield* v. *Paris* (*supra*), chiefly relied on by the respondent here, served to take that case out of the statute.

The judgment of the County Court and of the Justice's Court should be reversed on the facts and the law, and the complaint dismissed, with costs.

All concur.

Judgment of County Court and of Justice's Court reversed on the law and facts, with costs, and complaint dismissed, with costs.