### F. CARRERA & HNO., Plaintiff and Appellee, *v.* HEIRS OF PEDRO AQUINO, Defendants and Appellants.

No. 8409.  Argued February 13, 1942.—Decided March 13, 1942.

*Antonio J. Amadeo* for appellants.  *Géigel & Silva* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

F. Carrera & Hno., a wholesale provision house, sued the heirs of Pedro Aquino to collect the balance of $1,045.50 allegedly due from Aquino, a retail merchant, when the latter died. The defendants filed an answer in which they admitted some of the allegations and denied others, but did not appear at the trial itself.  After hearing the evidence of the plaintiff at the trial, the lower court entered a judgment in

favor of the plaintiff for the amount sued for, with interest and costs. The defendants appealed from this judgment. They contend that the district court erred (a) in finding that the complaint alleged sufficient facts to state a cause of action, and (b) in finding that the evidence offered was sufficient to establish the allegations of the complaint.

■ The defendants contend that this is a suit on an account stated, and that the complaint is defective because it does not allege that the debtor or the defendants had consented or agreed to a balance shown after a liquidation of the account. The plaintiff does not dispute the existence of this rule of pleading in a suit on an account stated (*Lange* v. *Honoré,* 51 P.R.R. 690, *Ins. Ind. & Agr'al. Exp. Ass'n* v. *Cintrón,* 52 P.R.R. 611). The plaintiff contends that the rule does not apply to this case, as this is a suit on an open account instead of a suit on an account stated. The plaintiff is correct in this contention. *Sanabria* v. *Rosa et al.,* 32 P.R.R. 537, *De León* v. *Pérez et al.,* 54 P.R.R. 202.

■ At the trial the only testimony offered was that of the bookkeeper of the appellee. He testified that Aquino had a store in Guaynabo; that Aquino used to buy provisions from the appellee on credit; that these purchases were shown on the books of the firm as an open account; and that Aquino owed $1,045.50 on the said open account, which had not been paid.

To support his contention that this evidence was insufficient, the appellants rely on the provision of § 82 of the Code of Commerce (1932 ed.) that "the testimony of witnesses shall not in itself be sufficient to prove the existence of a contract the amount of which exceeds three hundred dollars, unless such testimony concurs with other evidence."

We have held that an open account is a mercantile contract which is governed by the Code of Commerce. *González* v. *Marrero,* 55 P.R.R. 812, 814. See also, *Santiago* v. *Cuevas,* 41 P.R.R. 115. But this is not a suit in which the appellee

is endeavoring to establish the validity of an executory contract. In this case there is no denial of the testimony that the goods were actually delivered. To permit a party to a contract to take refuge in § 82 after the other party has fully performed his obligations under the contract would be unconscionable. In this respect, the rule found in the common law with respect to the Statute of Frauds provides a useful analogy. Section 178, Restatement, Contracts, reads in part as follows:

"Classes of Contracts Within the Statute of Frauds. (1) The following classes of informal contracts are by statute unenforceable unless there is a written memorandum thereof signed by the party against whom enforcement of the contract is sought . . .

"Class VI. Contracts for the sale of goods or choses in action of a value above an amount variously fixed by the statutes of the several States, *unless the buyer accepts and actually receives what is sold or part thereof* . . ." (Italics ours.)

See also Williston on Contracts (Rev. Ed.) Vol. II, § 505, p. 1474; *Garfield* v. *Paris*, 96 U. S. 557, 563; *Bicknell* v. *Owyhee Sheep & Land Co.*, 176 Pac. 782 (Idaho).

We recognize that our holding will result to a considerable extent in placing open accounts outside the scope of § 82. But if a plaintiff can show that he has actually delivered all the goods involved to the defendant or someone in privity with him, no other conclusion can be justly reached. The nature of an open account makes this particularly true, since frequently it can not be anticipated when it is first opened whether in its fluctuations it will exceed $300.00 at any particular time.

The appellants also contend that the books of the appellee would have been the best evidence of the obligations of Aquino on the open account. That may ordinarily be true. But the appellants, although they had previously filed a demurrer, a motion for removal and an answer, did not appear at the trial to object to the oral testimony of the bookkeeper. While perhaps inferior in probative value to the

books themselves, the oral testimony was admissible, at least in the absence of any objection thereto. The district court believed it and rendered judgment based thereon in favor of the plaintiff.

The judgment of the district court will be affirmed.

Mr. Justice Travieso did not participate herein.