JOSEPH BUCHANAN AND EDWARD KLAUSNER, TRADING AS TYPEWRITER AND OFFICE SUPPLY COMPANY, RESPONDENTS, v. REMINGTON RAND, INC., A CORPORATION OF THE STATE OF DELAWARE, APPELLANT.

Submitted January 19, 1943—Decided March 17, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Arthur T. Vanderbilt* and *G. Dixon Speakman*.

For the respondents, *Robinson & Morris (David Robinson)*.

The opinion of the court was delivered by

BODINE, J. This appeal brings up for review a judgment in a District Court in favor of the plaintiffs in the sum of $100 and costs. The action was brought to recover damages for the breach of an alleged contract for the sale of 100 Remington Rand No. 1 portable typewriters at a cost in excess of $3,000.

The claim of the plaintiffs was that on March 13th, 1939, they ordered the typewriters to be delivered as soon as possible. This contract was not in writing. There were no typewriters delivered, nor was any money paid, nor was there any note or memorandum in writing signed by the appellant.

Our statute, *N. J. S. A.* 46:30-10 (section 4 of the Uniform Sales Act) provides as follows: "(1) A contract to sell or

a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The contention of the defendant was that the contract was for the sale of six typewriters and that when it delivered those typewriters, or attempted to, the plaintiffs refused to accept them. Since the statute was not complied with there was no cause of action. *Pawelski* v. *Hargreaves,* 47 *N. J. L.* 334. The respondents concede this point to be well taken, but seeks to take the case out of the bar of the statute by showing that the defendant gave them a cut of the typewriters to be sold, which they used in inserting an advertisement in a newspaper. Obviously, this gift was no part of the goods to be sold—which were typewriters. Since there was no written note or memorandum and no acceptance and receipt of part of the goods sold, and since the cut was not part of the goods (*Stopfel* v. *Tearney,* 207 *App. Div.* 118; 210 *N. Y. S.* 621) and since there was no giving by the alleged buyer of an earnest or part payment, we fail to see where there was any question for the jury.

In the case of *Garfield* v. *Paris,* 96 *U. S.* 557, involving the sale of whiskey and labels, a set of labels were given by the seller to the buyer. The question of whether the labels were part of the goods sold was submitted to the jury and they so found. There was no such finding in this case, nor was such issue submitted to the jury, nor were there proofs that the newspaper cut was other than a gift.

The respondents finally request this court to amend the pleadings so that the complaint may show a contract for the sale of six typewriters. We can see no point in so doing, because the proofs show that the six were tendered by the defendant and were refused, so that there could be no recovery on such a count as a matter of law.

The judgment is reversed, with costs.