THE UNITED STATES REFLECTOR COMPANY, Respondents, *against* JOHN C. RUSHTON, Appellant.

(Decided January 7th, 1878.)

Where the defendant, at the close of plaintiff's case, without any cross-examination of plaintiff's only witness, and without offering any evidence in defense, requests the court to direct a verdict for the defendant, he admits the facts testified to and all facts which may reasonably be inferred from them.

In such a case, where the only evidence to prove a sale and delivery was, that plaintiff's clerk, who knew defendant, sold him four chandeliers at the price of $150, that he made a deduction of 10 per cent. in consideration of cash, which was to have been paid as soon as they were put up, that the amount was $180, that the chandeliers were delivered and were not paid for, it will be inferred that the defendant saw the chandeliers, that they were put up, that defendant made no ob-

jection to them, and such inferences being made in this case, it was *Held* that there was an acceptance within the meaning of the Statute of Frauds.

The authorities upon the subject of receipt and acceptance under the statute of frauds, collated and considered. Per CHARLES P. DALY, Chief Justice.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict rendered by direction of the court at a trial before Judge VAN HOESEN and a jury.

This action, originally commenced in the Sixth District Court of the city of New York, and afterwards removed into this court, was brought by the plaintiff, a corporation, to recover the price of goods sold and delivered to the defendant. After evidence had been given of the corporate character of plaintiff, the only evidence in the case of the sale and delivery of the goods was introduced, and was as follows:

Q. Mr. Corbit, what is your business?

A. I am a clerk in the employ of the United States Reflector Company.

Q. Do you know the defendant?

A. Yes.

Q. Did you, in May, 1876, as agent of the Reflector Company, sell the defendant any goods, and if so, what?

A. I sold him four chandeliers at the price of $150; and in consideration of cash, which he was to have paid me as soon as they were put up, I made a deduction of 10 per cent.

Q. The total amount is what?

A. $180.

Q. Were these chandeliers delivered?

A. They were.

Q. Have they been paid for?

A. No, sir.

The plaintiff then rested. The defendant rested. The defendant then asked the court to direct a verdict for the defendant, on the ground that no acceptance was shown. This request was refused and the defendant excepted. The court directed a verdict for the plaintiff, and defendant excepted.

*Edward Van Ness*, for appellant.

*F. L. Minton*, for respondent.

CHARLES P. DALY, Chief Justice.—The evidence in this case, which was very brief, was, that the plaintiff's clerk sold to the defendant four chandeliers for $180, which amount the defendant was to pay, less a deduction of ten per cent., as soon as the chandeliers were put up. The clerk was asked if they were delivered, and he answered that "they were," and to the further question "Have they been paid for?" he answered "No." This was all the evidence. In my judgment, it was sufficient to show a delivery and acceptance under the Statute of Frauds in the absence of any evidence of objection, complaint, dissatisfaction, or anything of that kind, on the part of the defendant. The defendant did not see fit to ask the clerk, who was the only witness, any further question, and offered no evidence on his own behalf. It was not, as may be inferred from the evidence, the sale of an article to be manufactured or in respect to which something was to be done, but the sale of four chandeliers, a specific article, which the defendant saw and for which he agreed to pay a certain sum when they were put up. From the clerk's broad statement that they were delivered, and the omission of the defendant to ask the clerk any question, the inference must be that they were put up, without which there would have been no delivery. If the evidence is very general, and in the nature of a conclusion, it does not lie with the defendant to complain, who neither objected to the form of the question nor asked any questions of the witness, who, if specifically interrogated, might, for all that appears, have detailed exactly what took place in respect to the delivery.

It was held in *Cross* v. *O'Donnell* (44 N. Y. 661), affirming the judgment of this court, that the defendants accepted a lot of hoops, because one of them saw them in the plaintiff's yard in Baltimore, and the contract had reference to the particular lot of hoops which he saw, and which the plain-

tiffs, as they had been directed, delivered on board of a vessel for New York, which was lost with her cargo. The fact that the defendant agreed to take the identical hoops which he saw in the plaintiff's yard, at the price agreed upon, was deemed an acceptance, within the meaning of the statute, there being, said the judge who delivered the opinion of the Court of Appeals, nothing in the statute which requires that the acceptance and the receiving shall be at the same time. Either, he said, may precede the other; and after both have concurred, the statute is complied with. Which was also declared to be the true construction of the statute by Lord Campbell in *Morton* v. *Tibbett* (15 Adol. & Ell. N. S. 428), who said, that acceptance is to be something which is to precede or to be contemporaneous with the actual receipt of the goods. In fact, the legislature struck out the provision of the revisors that the acceptance and receipt of part of the goods should be at the same time.

In *Outwater* v. *Dodge* (6 Wend. 402), Judge Sutherland refers to the distinction drawn by Roberts in his work on frauds; that where the verbal order is particular as to the goods, it seems to furnish plausible ground for contending that such selection of the goods may amount to an acceptance, with which the actual delivery, although posterior in point of time, might be coupled by relation, so as to put the whole transaction out of the operation of the statute; but that where the verbal order is for goods of such a price and quality to be sent, it does not satisfy the statute that goods of that quality and price were sent, there being nothing in that case to show the acceptance of them as conforming to the order; but when the identical goods are fixed upon, there is then something to show acceptance, by the acts of the vendor.

There is nothing in *Caulkins* v. *Hellman* (47 N. Y. 449), upon which the appellant relies, in conflict with this. Judge Rapallo says, some act or conduct on the part of the vendee manifesting an intention to accept the goods as a performance of the contract, and to appropriate them, is required to satisfy the statute; and all this is supplied when the vendee

selects a particular article and agrees to pay a certain price for it when it is delivered ; for when it is delivered, it is the article which he accepted, and agreed to pay the stipulated price for.    If the acceptance had to be, by some act, upon or after the delivery of the article, it might be otherwise ; but it being held by the court of last resort that the acceptance may precede the delivery, there is, in such a case, a previous act of the buyer showing his acceptance of the identical article.

In *Caulkins* v. *Hellman*, in which Judge Rapallo gave this opinion, there was no prior acceptance, nor any thing from which it could be inferred.   So far as the facts appear, from Judge Rapallo's opinion, the verbal agreement was for wine in casks, which had been purchased by sample.   The casks were delivered at the railroad station, from whence they were sent to the plaintiff in New York, where they were received by him, and deposited in his cellar, but not accepted as corresponding with the sample, for the defendant immediately, upon the receipt of the wine, attempted to send a telegram to the plaintiff, to the effect that he declined to accept the wine—which the judge, erroneously as was held, excluded upon the trial, because, though it never reached the plaintiff, it bore upon the question of the acceptance of the wine, and was an act on his part explaining and qualifying his conduct in receiving the wine into his cellar.   The defendant in that case was not concluded by the sending of the wine to him by railroad, and by putting it in his cellar when it came, as he had the right to refuse it, if, in his opinion, it did not conform to the sample, and as there was no agreement in writing, and could be no valid contract unless he accepted the wine when it was sent to him ; he was not bound ; there never having been any act on his part manifesting any intention to accept the wine, as corresponding with the sample, either before or after it was delivered to him,—which was all that was decided in that case. The judgment was reversed, because the judge not only excluded the evidence of the defendant's non-acceptance, but submitted but two questions to the jury—whether the wine

delivered at the railroad station was in good order and like the sample exhibited; and whether the defendant accepted it when it reached New York;—leaving to them the question of acceptance, in the absence of any evidence of it, and after having excluded evidence of the defendant's acts expressing his dissent immediately upon receiving the wine in New York.

There can be no acceptance as long as the buyer has the right to object to the quality of the goods; and he is not precluded from objecting because they are sent by a particular conveyance, or because they are left at his premises. (*Norman* v. *Phillips*, 14 Mees. & W. 279.) As was said in the case last cited, he is precluded from objecting where, instead of sending the goods back, or expressing his unwillingness to accept them, he keeps and uses them; which, so far as we are able to judge from the evidence, appears to have been the case here, as the chandeliers were delivered to the defendant and he has never paid for them. If, after they were delivered, he was dissatisfied with them and unwilling to accept them, it was a very easy matter to have shown the fact; as he could himself have been a witness. It is well settled that when the right of approval exists, as where an article of a particular quality or kind is ordered, the buyer must refuse to accept in a reasonable time; and if he does not, he is treated as having accepted them. (*Coleman* v. *Gibson*, 1 Moo. & R. 168; *Norman* v. *Phillips*, 14 Mees. & Wels. 279; *Bushel* v. *Wheeler*, 8 Jurist, 532; 15 Adol. & Ell. N. S. 442, note.) In *Hodgson* v. *Le Bret* (1 Camp. 233) and *Anderson* v. *Scott*, cited in a note to the previous case, it was held that marking the name of the buyer upon the article in his presence, and with his consent, amounted to an acceptance within the statute; and this has been approved in subsequent cases. (*Boulter* v. *Arnott*, 1 C. & Mees. 333; *Byassee* v. *Reese*, 4 Met. [Ky.] 372; *Walden* v. *Murdock*, 23 Cal. 540.)

In the other cases upon which the appellant relies, in which there was a delivery, there was some feature distinguishing the case as one in which there was either nothing

to show that there had been any exercise of the right of approval, either before or after delivery, or an insufficient delivery, or some evidence of non-acceptance. In *Rodgers* v. *Phillips* (40 N. Y. 519), the delivery was to a general carrier, and not one designated by the buyer, which, though sufficient where there is a contract in writing, is not sufficient to make a valid contract under the Statute of Frauds; the coal in that case never having reached the defendant, but was lost by the sinking of the carrier's boat, which, as appeared by the evidence, was old and notoriously rotten.

In *Stone* v. *Browning* (51 N. Y. 211), the question litigated was whether the sale was by sample with a warranty, which was the only question submitted to the jury, and the judgment was reversed because the judge refused to submit the question to the jury, whether the defendant had ever accepted the goods, it being in evidence that the defendants took the cloth to their store, and after examining it, refused to accept it.

In *Silver* v. *Bowne* (55 N. Y. 659), the point was not considered, as no exception was taken, and the facts are not sufficiently reported to show under what circumstances the question was presented, except that it is inferable from the manuscript opinion of Andrew, J., which the appellant has submitted, that there had been no act of the defendant, either before or after the hay had been delivered to the carrier designated by him, from which an acceptance could be inferred.

In *Brewster* v. *Taylor* (63 N. Y. 589), an alteration was to be made in the wagon the defendant agreed to buy, which had not been done when it was sent to him, and there was no evidence to show, nor any thing from which it could be inferred, that the defendant had accepted the wagon as it was.

If a man goes into a store and selects a particular article of household furniture at a certain price, which he agrees to pay when it is delivered, and the proof is that that particular article was delivered, it is, in the absence of evidence of any objection on his part, to be assumed that there was both a delivery and acceptance of the article within the meaning

of the statute, and that is substantially the present case. If the testimony from which this is inferred to have been the true state of facts is somewhat meagre and general, it does not, as I have said, lie with the defendant to complain, who was willing that it should be so, without inquiring more particularly as to the facts.

There is no ground for a reargument, and no reason, the application being opposed, why we should send the case to the Court of Appeals. It would not promote the ends of justice, as the question presented upon the facts, as they are inferable from the evidence, is neither new nor doubtful.

JOSEPH F. DALY, J., concurred.

Judgment affirmed.