(17 Misc. Rep. 138.)

STOCKTON v. ROGERS.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. SALE—DELIVERY AND ACCEPTANCE.
    Acceptance of goods sold may precede as well as follow the delivery of the goods. 37 N. Y. Supp. 213, affirmed.

2. APPEAL—QUESTIONS NOT RAISED BELOW.
    In an action for the price of goods sold, plaintiff may for the first time on appeal raise the point that defendant accepted the goods before delivery, where nothing was said or done on the trial to mislead defendant.

Appeal from city court of New York, general term.

Action by Charles S. Stockton against Henry Rogers for the price of goods sold. A judgment in favor of plaintiff was affirmed by the city court (37 N. Y. Supp. 213), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

R. H. Arnold and F. Pierce, for appellant.

G. A. Heaney, for respondent.

McADAM, J. The Joy & Seliger Company, a New Jersey corporation, sold to the defendant goods, consisting of ladies' belts, etc., at the agreed price of $1,706.77. The sale was consummated at the factory of the corporation at Newark, N. J., and the delivery made at the defendant's place of business in New York City, May 22, 1893, where the goods were receipted for by a son of the defendant, who was a clerk in his employ. The corporation failed, and on May 17, 1893, J. Frank Fort was appointed receiver. He qualified May 22d, and the order and qualification were filed the day following. On August 1, 1893, the receiver transferred the demand against the defendant to the plaintiff. In answer to letters written by the receiver, the defendant wrote, under date of May 25 and June 2, 1893, that the goods reached him too late, and that he would have hold them subject to the receiver's order. The defense was twofold,—that the goods were not delivered in time, and that there was no valid acceptance of the goods under the statute of frauds. The jury found for the plaintiff, thereby establishing that the delivery was timely and the acceptance sufficient to charge the defendant.

The complaint alleges that the sale was made "on or about May 20, 1893," three days after the receiver was appointed, and two days before he qualified. It is apparent from the record that the

sale was made on or about May 12, 1893, and approved on the following Wednesday; and the defendant's defense of delay in delivery is founded on the theory that the sale was made May 12th.

The evidence shows that the defendant and his friend Mr. O'Neill saw every belt the defendant purchased, found everything ready for shipment, selected the lots, and put down on a piece of paper the quantities as the employés of the corporation called them off, and agreed upon the prices which make up the amount sued for. There is evidence that some of the belts required buckles, and some needed to be plated or chased. The defendant required that these things be done, and they were done by his direction; so he cannot now complain on that point. No objection was made that the directions of the defendant were not literally followed (Stokes v. Recknagel, 38 N. Y. Super. Ct. 368);. nor does the record show that this circumstance, either at or before the trial, was urged as detracting from the sale as a consummated transaction.

The question of what constitutes a sufficient acceptance of goods to satisfy the statute (4 Rev. St. [8th Ed.] p. 2591, § 3) has been a fruitful source of discussion, and evoked numerous decisions, the more recent of which hold that the acceptance may precede as well as follow the delivery of the goods. Cross v. O'Donnell, 44 N. Y. 661; Reflector Co. v. Rushton, 7 Daly, 410; Vietor v. Stroock (Com. Pl.) 5 N. Y. Supp. 659, 7 N. Y. Supp. 959. The trial judge left it to the jury to determine from the acts of the parties, without regard to time or place, whether there had been an actual acceptance of the goods by the defendant; and the question being one of fact, on the evidence (Garfield v. Paris, 96 U. S., at page 563; Jones v. Reynolds, 120 N. Y. 213, 24 N. E. 279), the finding thereon in favor of the plaintiff must be deemed conclusive so far as our right to review the evidence is concerned (Arnstein v. Haulenbeek [Com. Pl.] 11 N. Y. Supp. 701; Claflin v. Watch Co., 7 Misc. Rep. 668, 28 N. Y. Supp. 42; Gleason v. Thom, 16 Misc. Rep. 30, 37 N. Y. Supp. 680; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687). The jury presumably determined the question of acceptance from all that occurred at the factory in Newark, supplemented by what followed at the defendant's store in New York, and reached a result which the evidence warranted. The acceptance of the goods by the defendant made the contract of sale enforceable, though not evidenced by any writing nor accompanied by any payment at the time.

In Garfield v. Paris, supra, Justice Clifford says:

"Authorities, almost numberless, hold that there is a broad distinction between the principles applicable to the formation of the contract and those applicable to its performance, which appears with sufficient clearness from the language of the statute. * * * There must be some note or memorandum of the same to be subscribed by the party to be charged, but the same statute concedes that the party becomes liable for the whole amount of the goods if he accepts and receives part."

Therefore, he says, the contract may be good by part acceptance, however small (see, also, McKnight v. Dunlop, 5 N. Y. 537; Van Woert v. Railroad Co., 67 N. Y. 538), though it does not pre-

clude the purchaser from refusing to accept the residue of the goods if they do not accord with the contract (and see Remick v. Sandford, 120 Mass. 309, 316).

The question of acceptance was submitted to the jury in a general way, but no effort was made by counsel to make the judge's charge more specific.

The defendant claims that nothing was said in reference to acceptance preceding delivery of the goods at the defendant's store, until the case reached the general term of the court below. This is of no consequence. The plaintiff was not called upon to elect or even state whether he relied upon an acceptance following or preceding the delivery, and neither he nor the trial judge did or said anything calculated to mislead the defendant in respect thereto; so that he has not been prejudiced in any legal sense. The defendant might have protected himself by calling for a ruling by the court or submission to the jury of some specific question regarding the time, place, or manner of acceptance, and excepting to any direction he deemed erroneous. This would have been his proper course if he expected a review of the matter by an appellate court. Hogan v. Cregan, 6 Rob. (N. Y.) 138; Gallagher v. White, 31 Barb., at pages 95, 96; Waugh v. Waugh, 28 N. Y., at page 100; Harris v. Railroad Co., 20 N. Y., at page 239.

The suggestion of the respondent's counsel urged upon this appeal for the first time, that the validity of the sale must be determined by the laws of New Jersey (the place where the contract was made), besides being unimportant in the view we have taken, comes too late. The case was tried by both parties upon the theory that, so far as the statute was concerned, the laws of the forum governed; and the plaintiff cannot change his position now, to the prejudice of the defendant, by depriving him of all opportunity to amend his answer, and plead the statute law of New Jersey, in case he deemed that course necessary to meet the point suggested. Fay v. Muhlker, 1 Misc. Rep., at page 323, 20 N. Y. Supp. 671.

We find no merit in the exceptions, and the judgment must be affirmed, with costs. All concur.