No. 19,387.

Robert W. Stauss *v.* Industrial Commission
of Colorado, et al.
(355 P. [2d] 1076)

Decided October 17, 1960.

Messrs. Delaney & Costello, for plaintiff in error.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Alious Rockett, Mr. Fred B. Dudley, for defendants in error State Compensation Insurance Fund, et al.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as claimant, seeks reversal of the affirmance of an adverse award of the Industrial Commission of Colorado. Defendants in error, Industrial Commission of Colorado, State Compensation Insurance Fund, and Four Corners Uranium Corporation, will be referred to as the commission, the fund, and the employer respectively.

Claimant contends he was injured on July 26, 1955, while in the course of his employment with the Four Corners Uranium Corporation. No claim for compensation was filed by claimant at that time and no compensation was paid. On February 20, 1958, he filed with the commission his claim for an award of compensation for permanent disability.

The employer and the fund resisted consideration of the claim by the commission and moved to dismiss. As the result of a hearing before a referee of the commission on March 21, 1958, the commission entered a supplemental order on March 25, 1958, finding that the claim was properly re-opened; that claimant did not receive compensation at the time of his injury and did not file a claim for compensation until more than two years after the date of his injury; and ordered the claim dismissed under the provisions of section 84, Workmen's Compensation Act (C.R.S. '53, 81-13-5), then in force. This section reads in part:

" * * * The right to compensation and benefits, as provided by this chapter, shall be barred unless within six months after the injury, * * * a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant *to whom compensa-*

*tion has been paid,* or where it is established to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby, and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." (Emphasis supplied.)

On May 7, 1958, claimant, through his counsel, filed a petition to review the supplemental order of March 25, 1958, on the ground that he had not been represented by counsel at that hearing, and that he had received payments from his employer in lieu of compensation, thereby tolling the limitations of the Act.

On December 15, 1958, a referee of the commission held a hearing limited to a consideration of the question of whether claimant had received wages in lieu of compensation following his injury. A supplemental order of the commission entered December 22, 1958, found that the payment of wages to claimant by the employer did not constitute compensation for his injury and concluded that claimant's testimony relative to payment of wages in lieu of compensation was not sufficient to establish such fact, or to toll the running of the statute. This determination of the commission was affirmed by the district court on review and is the only matter presented here for review.

The record before the commission reveals the following:

On July 26, 1955, claimant — who had about 20 years experience as a miner — was employed as foreman by Four Corners Uranium Corporation. At about 11:00 o'clock a.m. on that day, in the course of his employment while helping other workmen load a ventilation fan into a truck, the fan rolled and the whole weight fell on him straining his back. As a result of this accident he was off work four days and then returned to a job which in-

volved no manual labor but supervision of some work. On August 9, 1955, an "employer's first report of accident" was prepared and signed for the employer by claimant as foreman, and received by the commission on August 10, 1955. Claimant thereafter continued working for the employer in a supervisory capacity at the top of the mine where no manual labor was involved, during which time the employer paid him wages. These are the subject of the present controversy. The fund paid claimant's doctor and medical expenses and for a brace following the injury.

Claimant ceased working and drawing wages when the mine was shut down about December 15, 1955. After he left the employer's payroll he engaged in some mining promotional activities. In January 1958 he was hospitalized for four days with traction applied to his legs and medication applied to relieve severe low back pain which his doctor believed to be the result of the injury of July 26, 1955. February 20, 1958, claimant filed with the commission his petition to re-open the claim, and for compensation.

Claimant bases his case primarily on the fact that following his first four days of disability after the accident, he went to the employer's mine and informed the manager of operations, Mr. A. L. Smith, since deceased, that he would be unable to work and that Smith told him he could come out and work on real light work and he would be paid anyway. Except for four days following the injury claimant lost neither time nor wages from his work.

In *Pacific Employers Insurance Co., et al. v. Industrial Commission, et al.,* 127 Colo. 400, 257 P. (2d) 440, we said:

" * * * In order that the payment of wages *during the absence* of an employee may be held to be the payment of compensation under the Workmen's Compensation Act, it must be established by competent evidence or reasonable inferences to be drawn therefrom that in

making these payments the employer was doing so conscious of the fact that he was making the same as compensation, and it must be received by the employee with the knowledge or reasonable grounds for assuming that the payments made to him were being made as compensation for his injuries. The payment of wages to an employee while disabled, and particularly before he has filed any claim for compensation, does not, *ipso facto*, establish the payment of compensation tolling the statute of limitations provided in the Workmen's Compensation Act." (Emphasis supplied.)

Previous cases were expressly overruled in so far as they were in conflict with the Pacific Employer's case, which is controlling here. The question then is, did the commission draw reasonable inferences from the testimony, all of which was presented by claimant — the employer and fund having stood on their motions to dismiss and to strike.

■ A review of the evidence before the commission amply supports a finding that the wages paid claimant following his injury were not in lieu of compensation but for work performed and services rendered. No reasonable inference to be drawn from the evidence supports the theory that claimant was in fact paid wages in lieu of compensation, or that the employer so intended, nor that any such purpose was communicated to claimant, nor that he accepted such wages with the knowledge, or with reasonable grounds to believe that such payments were being made to him as compensation for injuries.

We have repeatedly held that where the findings of the commission are supported by substantial evidence or the reasonable inferences to be drawn therefrom, they will not be disturbed. The orders here were correct on the basis of the record before the commission.

If claimant was disabled at the time his employment was terminated, about December 15, 1955, no satisfactory explanation is offered as to why he did not make a claim

for compensation at that time, which was well within the six months provided by the statute.

For the reasons stated the judgment of the trial court is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE HALL concur.