Theodore G. GAGNON, Appellant,

v.

Prince WRIGHT, Appellee.

No. 3449.

District of Columbia Court of Appeals.

Argued March 16, 1964.

Decided April 30, 1964.
Rehearing Denied May 26, 1964.

John J. Spriggs, Jr., Washington, D. C., for appellant.

Jack H. Olender, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee, a cement contractor, sued appellant for the balance due under a written contract to pay $602 plus cost of materials for certain work performed in Maryland and for an additional amount to cover an alleged modification of the original contract. Appellant, although admitting the written contract, claimed that the figure of $602 included the cost of materials and denied that there had been a subsequent modification of the contract. After a nonjury trial, there was a judgment in favor of appellee, from which this appeal ensued.

The major points relied upon as error are: (1) a finding that the original written contract called for the payment of $602 *plus* cost of materials; and (2) the holding that there was a subsequent oral modification of the written agreement for which an additional sum of $332.50 was due.

Appellant also contends that the proper and suitable forum for the trial of this action should have been in Maryland because the contract here involved was

executed and the work performed in that state where he is a resident. We have stated frequently that the doctrine of *forum non conveniens* is entrusted to the discretion of the trial judge. An action for breach of contract is transitory in nature and maintainable in any jurisdiction where personal service can be obtained upon the defendant. Absent any showing of hardship, we find no abuse of discretion in the assumption of jurisdiction in the present case. Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653, 654 (citing Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055); Wilburn v. Wilburn, D.C.App., 192 A.2d 797, 799.

■ A written contract embodying the agreed terms between the parties was prepared by appellant at the request of appellee. Without setting forth its entire contents, the crucial section reads: "The cost of the above includes Material and Labor $602.00." As the contract was signed in Maryland and was performed in that state; the law of Maryland applies as to matters of substance. Kirschner v. Klavik, D.C.Mun.App., 186 A.2d 227, 228.

■ In the absence of ambiguity, a written contract duly signed and executed speaks for itself and is binding upon the parties thereto. Koman v. Holtgreve, 207 Md. 85, 113 A.2d 419; Hubble v. Somerville, 187 Md. 418, 50 A.2d 565. The language of the contract clearly shows that the payment for the work done thereunder covered *both* labor and materials and recites the understanding of the parties.

■ Appellee attempts to rely on the decision in Binder v. Benson, 225 Md. 456, 171 A.2d 248, to bring in parol evidence as to the terms of his agreement, stating that the contract was read to him by appellant in such manner as to lead him to believe that he was to receive $602 *plus* cost of materials. That case reiterated the usual rule that absent fraud, duress or mutual mistake, one who has the capacity to understand a written document, who reads and signs it, or without reading it or having it read to him signs it, is bound by his signature as to all its terms. Ray v. William G. Eurice & Bros., 201 Md. 115, 125, 93 A.2d 272. Restatement, Contracts, Sec. 70. However, appellee has neither raised the affirmative defense of fraud, duress or mistake nor offered any competent proof to sustain the same had he amended his pleadings for that purpose. On his own initiative he sued on a written contract which he himself offered into evidence. A further qualification to the usual rule, carved out by Binder but not pertinent here, is that an apparent manifestation of assent will not operate to make a contract if the other party knows, or should have known, that the apparent acceptor did not intend what his words or other acts ostensibly indicated. The record here does not show that appellant knew, or should have known, that appellee did not intend to be bound by the terms of the writing. The original understanding of the parties must therefore be determined by that contract bearing their signatures. The agreement clearly set forth that $602 was to cover the entire job, including cost of materials. The trial judge erred in holding that the understanding of the parties contemplated the payment of $602 plus the cost of materials.

■ The second point raised involves whether the original written contract was revised by a subsequent oral agreement between the parties. Appellee claims that the original specifications were changed at the request of appellant who agreed to pay the additional cost required by the revision. On the other hand, appellant denies any oral modification by him and contends that the additional expense to appellee arose from his mistake or negligence in laying out the original plan for the work under the written contract. This presented a factual issue for decision of the trial judge.

■ Written agreements may be modified by subsequent oral agreement, but the oral modification must be established by a preponderance of the evidence. Chesapeake

Supply & Equip. Co. v. Manitowoc Eng. Corp., 232 Md. 555, 194 A.2d 624, 630; Cole v. Wilbanks, 226 Md. 34, 171 A.2d 711; Freeman v. Stanbern Const. Co., 205 Md. 71, 106 A.2d 50.

The trial judge properly heard all evidence from both sides on the question of a change in the written contract by subsequent oral modification and resolved that issue in favor of appellee. We find no legal basis justifying a reversal of a factual determination when supported by competent evidence.

We remand for a finding of how much money appellant actually paid for materials. This amount, together with the sum of $250 found by the trial judge to have been paid to appellee, shall be deducted from the contract price of $602. Appellee is entitled to judgment for the difference, if any, plus the additional $332.50 incurred by him for the extra work due to the modification.

Reversed in part; affirmed in part; and remanded for determination of net balance due appellee.