Henry YOUNG, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE IN-
SURANCE CO., a corporation, Appellee.**

No. 3739.

District of Columbia Court of Appeals.

Argued Sept. 20, 1965.

Decided Nov. 5, 1965.

King David, Washington, D. C., for
appellant.

Darryl L. Wyland, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

QUINN, Associate Judge:

In May 1963 appellee sold appellant an
automobile insurance policy which covered,
among other things, medical payments for
injuries which might be incurred in an
accident. Approximately three weeks later
appellee sent appellant a letter advising
him that the policy was canceled as of June
9, 1963. With this letter the company en-
closed a check returning the entire pre-
mium. Appellant, however, never received
the letter and there is no evidence that the
check had ever been cashed. On July 4,
1963, appellant was involved in an accident
in which he received bodily injuries. He
then submitted a claim to appellee but the
insurance company refused to compensate
him on the ground that the policy had been
canceled prior to the accident. Appellant

instituted suit in the Court of General Sessions and after an adverse judgment he brought this appeal.

The only question presented to us is whether the cancellation notice had to be actually received by appellant to be effective or whether the mere mailing of the notice was sufficient to bring about a cancellation of the policy. The policy contained what is generally known as the "standard cancellation clause" which, in pertinent part, reads as follows:

"The company may cancel this policy in accordance with the terms hereof by written notice, addressed to the named insured and mailed to the address shown in the declarations stating when, not less than ten days thereafter, cancellation shall be effective. Such notice of cancellation shall be sufficient notwithstanding the death of the named insured.

"The mailing of the notice shall be sufficient proof of notice and the effective date and hour of cancellation stated therein shall become the end of the policy period. Delivery of written notice shall be equivalent to mailing."

Most of the courts which have had occasion to construe this type of provision have determined that receipt of the notice of cancellation is not a condition precedent to effective cancellation of the insurance. See Annotation, 64 A.L.R.2d 982, and cases cited therein. These decisions have generally rested on the proposition that the clear terms of a contract must be enforced as written, the courts finding no ambiguity in the clause. In other jurisdictions it has been held that the clause conflicted with statutory provisions requiring actual notice of cancellation. Selken v. Northland Insurance Company, 249 Iowa 1046, 90 N.W.

2d 29 (1958); DeHaan v. Marvin, 331 Mich. 231, 49 N.W.2d 148 (1951). And in two states, Kansas and Minnesota, courts have stated that it would be a violation of public policy to permit cancellation of insurance without actual notice. Koehn v. Central National Ins. Co. of Omaha, Neb., 187 Kan. 192, 354 P.2d 352 (1960); Donarski v. Lardy, 251 Minn. 358, 88 N.W.2d 7 (1958). In these cases the courts found the clauses to be ambiguous and construed them in the light most favorable to the insured.

We find that we are not free to make an independent evaluation of the clause in appellant's policy, for he purchased the policy in Maryland while he was a resident of that state. The contract thus must be interpreted according to Maryland law. Mutual Life Ins. Co. of New York v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398 (1934); Farmers Ins. Exchange v. Taylor, 193 F.2d 756 (10th Cir. 1952); Gagnon v. Wright, D.C.App., 200 A.2d 196 (1964). Although neither party requested the trial court to make its decision pursuant to Maryland law, appellee now asks us to affirm the judgment as being consistent with the law there. Ordinarily, an appellate court will not decide a case under the law of a foreign jurisdiction if the application of such law had not been requested at trial. The presumption is that the parties anticipated that the case would be decided under the law of the forum, and a change in theory is generally not permitted on the appeal. Jannenga v. Nationwide Life Insurance Co., 109 U.S.App.D.C. 385, 288 F.2d 169 (1961); Stockton v. Rogers, 17 Misc. 138, 39 N.Y.S. 400 (1896); 4 C.J.S. Appeal and Error § 241b (1957). Here, however, the forum is devoid of a controlling decision on the issue.[1] Appellant therefore could not have relied on local law and he would not now

1. See Allied American Mutual Fire Insurance Co. v. Paige, D.C.Mun.App., 143 A.2d 508, 510 (1958), where we stated that "we express no opinion as to whether mailing alone is sufficient to effect cancellation of the policy. The decision of that question must await the case in which both mailing and nonreceipt are conclusively established."

be prejudiced by the application of the correct law. Moreover, we note that he made no objection to appellee's contention that this court should decide the case pursuant to Maryland law. We thus look to the decisions of that state.

In Fidelity & Casualty Co. of New York v. Riley, 168 Md. 430, 178 A. 250 (1935), the Court of Appeals of Maryland was called upon to construe a cancellation clause providing that "the company may cancel this policy at any time by written notice delivered to the insured *or mailed to his last address,* as shown by the records of the company * * *." (Emphasis supplied.) The court found that the insurance company had not complied with the terms of the policy in sending the notice of cancellation by registered mail, which was to be returned if undelivered, and held that such mailing was not sufficient to effectuate a cancellation of the policy. But the court further stated that "if the notice had been sent by ordinary mail, postage prepaid to the insured at [his last address], the condition of the policy with respect to cancellation would have been complied with and the policy canceled * * *."[2]

Several years later, in Seaboard Mut. Casualty Co. v. Profit, 108 F.2d 597, 126 A.L.R. 1105 (4th Cir. 1940), the United States Court of Appeals was required to interpret the effect of a Maryland contract containing a clause similar to the one before us. Citing Riley, supra, the court pointed out that "under the terms of [the insured's] contract, which expressly sanctions the sufficiency of a notice deposited in the mail, proof of mailing without proof of actual delivery was enough,"[3] and found that the policy had been canceled even though the notice had never been received.

 These cases indicate that Maryland is among those states which follow the majority rule. Accordingly, we must find that appellant's policy was terminated on June 9, 1963, as provided in the notice of cancellation which was mailed to him.

Affirmed.

---

2. 178 A. at 253.

3. 108 F.2d at 599.