HIGHWAY SUPER MARKET, LTD., AND PACIFIC
INSURANCE COMPANY, LIMITED *v.* THELMA AIKO
MATSUO; LABOR AND INDUSTRIAL RELATIONS
APPEAL BOARD AND INDUSTRIAL RELATIONS,
STATE OF HAWAII.

No. 4704.

SEPTEMBER 11, 1968.

RICHARDSON, C.J., MARUMOTO, ABE, JJ.,
CIRCUIT JUDGE FUKUSHIMA IN PLACE OF LEVINSON, J.,
DISQUALIFIED, AND CIRCUIT JUDGE CORBETT
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY ABE, J.

The appellant, Pacific Insurance Company, Ltd., appealed from the judgment of the circuit court in favor of claimant, Thelma Matsuo, under the State of Hawaii Workmen's Compensation Law.

It appears that in July 1963 while employed by the Highway Super Market, Ltd., the claimant in lifting a case of liquor "felt a sharp pain" in her lower back. She stated that after the incident she sat and rested for about five to ten minutes and thereafter, though she felt some pain, the sharp pain having left her, she continued lifting.

About ten days to two weeks after the incident, claimant visited Dr. Sakimoto, a gynecologist and obstetrician. It appears that during the examination Mrs. Matsuo asked Dr. Sakimoto whether her backache may have been caused by her work. He diagnosed her ailment as arising from "chronic cervicitis," a female disorder, and assured her that her work was not the cause of her backache.

Dr. Sakimoto continued to treat claimant until September 17 and advised her to return six months later. When she returned six months later, she still complained about the backache. After an examination, Dr. Sakimoto, finding no gynecological causes for the backache, referred her to Dr. Nadamoto.

The claimant first visited Dr. Nadamoto on March 25, 1964, and after a thorough examination, he advised her that if she continued to lift heavy merchandise she "would end up in surgery." Immediately thereafter, she called her employer Mr. Takara and informed him of Dr. Nadamoto's advice and Mr. Takara stated that she should not work. Thereafter she has not been employed.

Dr. Nadamoto treated claimant on April 6 and 21, and subsequently she was hospitalized at the Kuakini Hospital from April 24 throughout May 23, 1964. A report signed by Dr. Nadamoto on August 28, 1964, states that Mrs. Matsuo "will be rechecked weekly until able to return to work."

As late as January 7, 1966, Dr. Maurice L. Silver, who had been retained by the Division of Workmen's Compensation as a consultant, wrote to the division that "Since Mrs. Matsuo has obtained no significant relief over the course of the past two years by all of the treatment prescribed, I believe that it will be mandatory for her to undergo surgery in order to obtain relief and to be returned to a work status."

Appellant's first contention is that the claimant failed to prove by a preponderance of the evidence that she suffered compensable injuries under our Workmen's Compensation Law.

The trial court in its findings of fact contained in fourteen numbered paragraphs recited substantially the facts of this case as related above. As finding of fact No. 15, the trial court stated

"The preponderance of the evidence supports claimant-appellee's claim that she suffered an industrial injury as claimed."

The findings of fact are supported by substantial evidence and we can not hold that they are clearly erroneous. Thus the findings of fact must be sustained. H.R.C.P., Rule 52(a); *Chun Chew Pang* v. *Chun Chew Kee*, 49 Haw. 62, 412 P.2d 326 (1966); *Chambers* v. *City and County*, 48 Haw. 539, 406 P.2d 380 (1965); *State* v. *Hawaiian Dredging Co.*, 48 Haw. 152, 397 P.2d 593 (1964).

The next contention of the appellant is that Mrs. Matsuo did not give her employer written notice of the injury "as soon as practicable after the happening thereof" as required by § 97-90, R.L.H. 1955, as amended, and, therefore, the judgment should be reversed.

We agree with the findings of the trial court that Mrs. Matsuo gave notice of her injury "as soon as practicable after the happening thereof." The facts of the case show that as soon as she learned that her back pain was caused by an industrial injury, she forthwith informed her employer.

The words "as soon as practicable after the happening thereof" as used in § 97-90, R.L.H. 1955 as amended, must be liberally construed. As stated by this court in *In Re Palama*, 34 Haw. 65 (1937) at 67, "The great purpose of the Act in so far as it relates to the type of injury we are now considering is to provide means for compensating the employee for pecuniary loss arising out of his disability to work, and to accomplish that purpose the statute should receive a liberal construction."

The words "as soon as practicable after the happening thereof" should not be interpreted to require claimant to act within any time limit after the injury, but rather to require a claimant to give an employer notice of the injury after he becomes aware or should have become aware that the injury he suffered may be compensable under our Workmen's Compensation Law. *Columbus Mining Co.* v. *Childers*, 265 S.W.2d 443 (Ky. 1954); *Wheaton's Case*, 310 Mass. 504, 38 N.E.2d 617 (1941); *Bergeron's Case*, 243 Mass. 366, 137 N.E. 739 (1923).

Appellant also contends that claimant terminated her employment on March 25, 1964, and being able to do light work did not

seek other suitable employment elsewhere; and that the finding of the trial court that claimant "has been totally disabled for work since March 25, 1964, and continues to be temporarily totally disabled" was erroneous. The aforementioned letters of Dr. Nadamoto and Dr. Silver, as well as the other evidence, sustain the finding of the trial court that claimant was temporarily totally disabled at the time of the trial.

Affirmed.

*Wilbur K. Watkins, Jr.* for appellants.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for claimant-appellee.