JOAN DEMOND, Claimant-Appellant, *v.*
UNIVERSITY OF HAWAII, STATE OF HAWAII,
Employer-Appellee, Self-insured

No. 5250

NOVEMBER 14, 1972

RICHARDSON, C.J., ABE AND LEVINSON, JJ.;
CIRCUIT JUDGE HAWKINS IN PLACE OF MARUMOTO,
J., DISQUALIFIED, AND CIRCUIT JUDGE CHANG
IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY LEVINSON, J.

This case is before us on appeal from a decision of the Labor and Industrial Relations Appeals Board denying a workmen's compensation claim filed by appellant, Joan Demond, on September 22, 1967. The claim is made against appellee, the University of Hawaii, for injuries suffered by appellant ten years earlier on September 16, 1957. At issue are questions relating to the notice and timely filing requirements of R.L.H. 1955 § 97-51 and § 97-52, as amended. Those sections provide:

§ 97-51. *Notice of injury.* No proceedings under this chapter for compensation for an injury shall be maintained unless written notice of the injury has been given to the employer as soon as practicable after the happening thereof. Such notice may be given by the person injured or by some one on his behalf. Failure to give such notice shall not bar any claim under this chapter (a) if the employer (or his agent in charge of the business in the place where the injury occurred) or his insurance carrier had knowledge of the injury or death, or (b) if medical, surgical or hospital services and supplies have been furnished to the injured employee by the employer, or (c) if it is found for some satisfactory reason such notice could not be given and that the employer has not been prejudiced by such failure.

§ 97-52. *Claim for compensation.* The right to compensation under this chapter shall be barred unless a written claim therefor is made to the director within one year after the date of the injury, or, in

case of death, within one year after the death, whether or not a claim had been made by the employee himself for compensation; provided, that no claim for compensation with respect to the injury shall be made more than five years after the date of the accident or occurrence which caused the injury. The claim may be made by the person claiming compensation or by someone on his behalf, and shall state in ordinary language the time, place, nature and cause of the injury. (As amended by Act 133, S.L.H. 1957.)

Stated as laconically as possible, the pertinent facts appear in the record as follows:

On September 16, 1957 appellant was involved in an automobile accident in Los Angeles, California. At the time of the accident she was employed by appellee in California to conduct certain conchology research for the Atomic Energy Commission. As a result of the accident appellant was permanently and seriously injured.

Although appellant's ability to work was curtailed, she continued with her research. Since appellant was employed on an hourly wage basis and, in conducting her research, was free to set her own hours, appellee remained obligated to pay and did pay appellant for work actually rendered by appellant after the accident.

In letters dated December 13, 1957 and January 10, 1958, appellant informed appellee of the accident, the nature and extent of her injuries, and the effect that her injuries had upon her ability to work. She failed to indicate, however, the circumstances in which the accident occurred. In reply to appellant's letters, appellee failed to disclose that appellant might be eligible for workmen's compensation benefits.

Subsequently, appellant contacted the Atomic Energy Commission and inquired as to the availability of disability insurance or compensation for her injuries. The Commission advised that it did not provide for such benefits. Aware of the fact that she nevertheless might still

have an action against the other driver involved in the accident, appellant engaged counsel to pursue her common law remedy. Although she prevailed at trial, she was unable to recover because of the post-judgment bankruptcy of the defendant.

On June 8, 1967, almost ten years after the accident, appellant again wrote appellee and asked for the first time whether she was eligible for workmen's compensation. In reply, appellee explained that it was unable to render any determination as to her eligibility and that further inquiries, if any, should be directed to the Deputy Attorney General associated with the Department of Labor and Industrial Relations. Upon such inquiry, the latter advised that although the limitation period for filing claims had long since expired, appellee had indicated that it might waive the requirement and, for that reason, he suggested that appellant file a claim.

Appellant filed her claim on September 22, 1967. In letters dated November 20, 1968 and March 6, 1969, however, appellee informed appellant that, contrary to its earlier position, it intended to raise the limitation period as a bar at any subsequent hearing.

At a hearing held on May 26, 1969 appellee asserted its limitation defense. The Director of the Department of Labor and Industrial Relations denied the claim. On appeal to the Labor and Industrial Relations Appeals Board the denial was affirmed on the ground that appellant failed to notify appellee of the compensable nature of her injuries and failed to file her claim within the prescribed limitation period.

On appeal appellant argues: (1) that she complied with the notice requirement and (2) that her failure to file within the prescribed limitation period does not bar her claim. After a careful reading of the record, we find appellant's delay in filing dispositive of this appeal and, for reasons which will appear, we affirm without reaching the notice issue.

Appellant's arguments with respect to the limitation period are considered in the order presented:

## I. THE DUTY TO DISCLOSE

Appellant's first contention is that appellee was under a duty to appellant to disclose the existence and availability of workmen's compensation and that its failure to do so either excuses or tolls the running of the period of limitation. This duty is said to arise under the workmen's compensation law of the State of California which requires an employer to "post and keep posted in a conspicuous location at his headquarters or at one of his places of employment . . . a notice which shall state the name of the current compensation insurance carrier of such employer, or when such is the fact, that the employer is self-insured." Calif. Labor Code § 3713, as amended, Stats. 1945, c. 1352, p. 2529, § 1. It is urged that this duty applies to appellee by virtue of R.L.H. 1955 § 97-8, which, in pertinent part, provides:

§ 97-8. *Injuries without the Territory.*

. . . .

If a workman who has been hired without the Territory is injured while engaged in his employer's business, and is entitled to compensation for the injury under the law of the state or territory where he was hired, he shall be entitled to enforce against his employer his rights in this Territory if his rights are such that they can reasonably be determined and dealt with by the director, the appellate board, and the court in this Territory.

The short answer to this argument is that, even if it is assumed that Section 3713 of the California Labor Code and Section 97-8 of our laws are authority for all that appellant claims, the issue is not properly before us and need not be considered on this appeal. In the proceedings below appellant did not mention the possibility

that California rather than Hawaii law applied. Nor did she indicate at any time a desire to take advantage of the procedure set forth in Section 97-8.

We have held in numerous cases that this court on appeal will not consider issues beyond those that are properly raised in the trial court, *e.g., Molina* v. *Largosa,* 51 Haw. 507, 511, 465 P.2d 293, 296 (1970) ; *State* v. *Robinson,* 50 Haw. 501, 502, 443 P.2d 140, 141 (1968). Although we have never considered the application of this general rule to workmen's compensation proceedings, we are of the opinion that it should apply, particularly in cases where the unique procedure contemplated by Section 97-8 is involved. *See* 3 LARSON, LAW OF WORKMEN'S COMPENSATION § 84.20 (1971). A majority of courts are in accord with this conclusion, *e.g., Paveglio* v. *Firestone Tire & Rubber Co.,* 167 N.W.2d 636, 639 (Iowa 1969) ; *Bryant* v. *Montgomery Ward & Co.,* 416 S.W.2d 195, 200-201 (Mo. App. 1967) ; *Herrera* v. *C & R Paving Company,* 73 N.M. 237, 240, 387 P.2d 339, 341-42 (1963); *United Wire & Supply Corporation* v. *Frenier,* 87 R.I. 31, 33, 137 A.2d 414, 416 (1958).[1]

While this court recognizes its power to take judicial notice of applicable foreign law, or to remand for its application, HRS § 623-1, formerly R.L.H. 1955 § 226-1, nothing in the record suggests that it is appropriate to do so in this case. At all times prior to this appeal appellant not only failed to rely on California law but affirmatively argued that she was eligible for compensation under Hawaii law.

In these circumstances, the orderly and efficient administration of our workmen's compensation system re-

---

[1] We note that even if we were to apply California law as suggested by appellant it appears that unless we construed R.L.H. 1955 § 97-8 to allow piecemeal application of foreign law we nevertheless would be constrained to reach a similar result since under California's workmen's compensation law issues that are raised by a party for the first time upon appeal are deemed to have been waived. Calif. Labor Code § 5904, as amended by Stats. 1951, c. 778, p. 2269, § 17; 1 HANNA, CALIFORNIA LAW OF EMPLOYEE INJURIES AND WORKMEN'S COMPENSATION § 10.08 (6) (1969).

quires that appellant should not at this late stage be allowed to rely on the law of California to establish her claim to benefits in this state. *See Marshall* v. *First American National Bank of Nashville,* 91 Ill. App. 2d 47, 49, 233 N.E.2d 430, 431 (1968); *Stockton* v. *Rogers,* 39 N.Y.S. 400, 402, 17 Misc. 138, 139 (1896).

## II. REASONABLENESS OF DELAY IN FILING CLAIM

Appellant also contends that her failure to file within the prescribed limitation period is excused because her delay in filing was reasonable. In support of this contention, reference is made to the familiar rule that "[t]he time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease." 3 LARSON, supra § 78.41 (1970); *Highway Super Market, Ltd.* v. *Matsuo,* 50 Haw. 519, 521, 445 P.2d 34, 35-36 (1968). We are told that appellant, through no fault of her own, failed to recognize the compensable character of her injuries.

The record fails to support appellant's contention. Appellant inquired of the Atomic Energy Commission as to the availability of disability insurance or compensation. She was, in addition, assisted by counsel in pursuing her remedy against the other driver involved in the accident. If, at the time of the accident, appellant had inquired of appellee, her immediate employer, in the same manner as she inquired of the Atomic Energy Commission, appellant would not be in the position she is in at the present time.

We agree with the finding of the Appeals Board that on this record appellant's lack of knowledge of the availability of compensation benefits does not constitute good cause excusing her delay in filing. Appellant, who was represented by counsel, should have recognized the compensable character of her injuries.

## III. WAIVER OF THE LIMITATION PERIOD

Appellant's next contention is that appellee waived its right to assert the limitation period because appellee, prior to the compensation hearing, indicated an intent to waive the requirement and the Deputy Attorney General advised that a claim should be filed.

HRS § 386-83 (b) sets forth circumstances in which an employer may be deemed to have waived the limitation period:

> (b) Unless the employer is prejudiced thereby, failure to make a claim within the time prescribed in section 386-82 shall not bar a claim to compensation if objection to such failure is not raised at the first hearing on the claim of which the employer is given reasonable notice and opportunity to be heard.

Section 386-83 (b) manifests a clear policy in favor of adjudication of claims on the merits. Unless an employer is able to show that he is prejudiced by an employee's delay in filing, he must object to the delay at the first compensation hearing. Failure to object constitutes a waiver of the limitation period.

At the first hearing on appellant's claim appellee asserted and, accordingly, did not waive the limitation period. Appellant's argument is, therefore, without merit.

## IV. PAYMENT OF POST-ACCIDENT WAGES

Appellant's final contention, that under R.L.H. 1955 § 97-53, filing of her claim within the limitation period was rendered unnecessary because of the fact that after the accident appellee continued to pay appellant her wages without notice to appellant and the Director that such payments were not in lieu of compensation, is similarly without merit. Section 97-53 provides:

§ 97-53. *When claim unnecessary.* If payments of compensation have been made voluntarily by the employer or his insurance carrier, the making of a claim within the time prescribed in section 97-52 shall not be required. The term "payments of compensation," as used in this section, shall not be construed to include voluntary payments in the nature of a gift and not intended as compensation, nor payments by welfare or benefit organizations operating under direction or control of the employer, nor payment for medical, surgical or hospital services and supplies, nor payments of wages during periods of partial or total disability for work if the employer notifies the employee and the director at the time in writing that such payments of wages are not in lieu of and shall not be considered payments of compensation.

Appellee's payment of post-accident wages was neither voluntary nor intended as compensation for injuries within the meaning of Section 97-53, *See Abdul* v. *American Factors, Ltd.,* 32 Haw. 503, 513 (1932); *Stauss* v. *Industrial Commission of Colorado,* 144 Colo. 288, 292, 355 P.2d 1076, 1078 (1960). The wages were for work actually performed by appellant. No wages were paid for time in which appellant was idle because of her injuries. In these circumstances, Section 97-53 does not apply.

Affirmed.

*Earl M. Price,* of Beverly Hills, California; (*James Krueger* on the briefs; *Padgett, Greeley, Marumoto & Steiner* of counsel) for claimant-appellant.

*Wayne Minami,* Assistant Attorney General (*George Pai,* Attorney General, of counsel) for employer-appellee.