**MYRON STRATTON HOME, Petitioner,**

v.

**John SMITH, the Industrial Commission of the State of Colorado, and the Director of the Division of Labor, Respondents.**

No. 82CA0091.

Colorado Court of Appeals, Div. I.

July 15, 1982.

Rehearing Denied Aug. 12, 1982.

Certiorari Granted Dec. 20, 1982.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for petitioner.

Trott, Kunstle & Hughes, Dan S. Hughes, Colorado Springs, for respondent John Smith.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Patricia A. Blizzard, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director of Div. of Labor.

COYTE, Judge.

In this worker's compensation case, Myron Stratton Home, a self-insured employer, seeks review of a final order of the Industrial Commission assessing a penalty for the employer's failure to file a written notice admitting or denying liability for an employee's injury. We affirm in part and set aside in part.

On December 19, 1974, claimant, John Smith, was injured in the course and scope of his employment for employer. The employer was notified of this injury at the time of the accident, but did not file an admission or denial of liability at that time. Claimant lost approximately six weeks of work, but was paid his normal wages during that time.

In January 1976, claimant was injured a second time in the course and scope of his employment. The employer was notified of the injury, but again failed to file an admission or denial. Claimant lost approximately three weeks of work as a result of that injury, but was paid his normal wages for that period.

In September 1976, claimant was injured a third time in the course and scope of his employment. When claimant informed the

employer that surgery was necessary as a result of the injury, he was terminated on October 8, 1976.

On October 22, 1976, claimant filed a claim for the December 1974 injury. The employer filed a denial of liability for this claim on December 7, 1976. Claims for the second and third injuries were filed in May and March 1977, respectively. No admission or denial was filed as to these claims, but because these injuries were discussed at a hearing held on January 18, 1977, the Industrial Commission construed that date as being the date a constructive admission or denial occurred.

The referee found that, with respect to the first and second injuries, the employer, by paying wages, had paid claimant temporary total disability benefits each time and that claimant had sustained no permanent disability as a result of those injuries. Therefore, the referee denied claimant's claim for the first and second injuries. With regard to the third injury, the referee awarded compensation based on a finding of permanent partial disability. The referee also assessed a penalty against the employer for its failure to admit or deny.

On review, the Industrial Commission found that the employer's payment of temporary total disability benefits for the first two injuries was tantamount to claimant being successful in a claim for compensation, thereby justifying imposition of a penalty. See § 8–53–102(2), C.R.S.1973 (1981 Cum.Supp.). The Commission also modified the referee's penalty award.

With respect to the first injury, the Commission found that the penalty period began running on January 14, 1975, the 26th day following the accident, and ran until the denial of liability was filed on December 7, 1976. Based on the benefit rate applicable to claimant's salary at the time of the accident, a penalty of $7,539.84 was imposed. With respect to the second injury, the Commission found that it had occurred on January 20, 1976, that the penalty period ran from February 15, 1976, until January 18, 1977, and that a penalty of $4,434.56 was applicable in connection with this injury. A penalty of $446.08 imposed in connection with claimant's third injury is not being challenged.

The employer now contends that the Industrial Commission erred in imposing penalties against it in connection with the first and second injuries. We agree.

Section 8–53–102(1) and (2), C.R.S.1973 (1981 Cum.Supp.), provide, in pertinent part:

"(1) The employer . . . shall notify in writing the division and the injured employee . . . within twenty-five days after notice or knowledge of an injury to an employee which disables said employee for more than three shifts or three calendar days . . . whether liability is admitted or contested. . . ."

"(2) If such notice is not filed as provided in subsection (1) of this section, the employer . . . shall become liable to the claimant, *if successful in his claim for compensation,* for one day's compensation for each day's failure to so notify." (emphasis added)

Under § 8–53–102(2), C.R.S.1973 (1981 Cum.Supp.) a prerequisite to any recovery of penalties against the employer is that the employee file a claim for compensation and subsequently be successful in his claim. Here, even if the employer's payment of wages during the periods of the employee's disability may be construed as the payment of workers' compensation benefits, *see Stauss v. Industrial Commission,* 144 Colo. 288, 355 P.2d 1076 (1960); *Pacific Employers Insurance Co. v. Industrial Commission,* 127 Colo. 400, 257 P.2d 404 (1953), the employee still had to meet the requirement that he be successful in his claim filed before the Commission. The Commission, however, did not direct the payment of compensation on the first two claims, but merely ordered payment of the penalties here at issue. Consequently, since the claimant failed to meet the statutory prerequisite of being successful in his claim for compensation, the commission erred in assessing penalties against the employer for the first and second injuries, and such penalties cannot be sustained.

The order awarding compensation and penalty for the third injury is affirmed. The order awarding a penalty to claimant because of his first two injuries is set aside.

VAN CISE, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I concur with that part of the majority decision which affirms the awarding of compensation on the third injury and dissent from that part which sets aside the order awarding penalties to the claimant on his first two injuries.

The Industrial Commission properly found that the employer's payment of temporary total disability benefits for the first two injuries was tantamount to claimant being successful in a claim for compensation, thereby justifying imposition of a penalty. *See Stauss v. Industrial Commission,* 144 Colo. 288, 355 P.2d 1076 (1960); § 8–53–102(2), C.R.S.1973 (1981 Cum.Supp.). It found that claimant had been paid temporary total disability benefits by the employer in connection with the first two accidents. It is undisputed that both accidents arose in the scope and course of claimant's employment, and that he was entitled to claim and receive benefits under § 8–52–102, C.R.S.1973 (1981 Cum.Supp.). Furthermore, the evidence and the inferences to be drawn therefrom support the Commission's determination that the payment of wages to claimant was made as compensation for his injuries. *Stauss v. Industrial Commission, supra.* Accordingly, the fact that the employer circumvented the claims process by "voluntarily" paying temporary total disability benefits to claimant does not detract from the Commission's conclusion that claimant had been, in effect, successful in his claim for compensation.

Section 8–53–102(1), C.R.S.1973 (1981 Cum.Supp.) requires an employer to file an admission or denial of liability. The language of the statute demonstrates the General Assembly's intent to punish the failure to comply with the mandatory provision.

*See University of Denver v. Industrial Commission,* 138 Colo. 505, 335 P.2d 292 (1959). Also, the penalty is imposed for the employer's failure to file a *written* admission or denial of liability. *Cf. Anderson v. Dutch Maid Bakeries,* 106 Colo. 201, 102 P.2d 740 (1940). Failures to advise the Industrial Commission of industrial injuries deprives it of information essential to the administration of the act. *See* § 8–1–107, C.R.S.1973. The Workmen's Compensation Act must be liberally construed to promote its underlying purposes. *Conley v. Industrial Commission,* 43 Colo.App. 10, 601 P.2d 648 (1979). Accordingly, the Commission did not err in finding that a penalty was justified under the language of § 8–53–102(2), C.R.S.1973 (1981 Cum.Supp.).

Furthermore, the interpretation of an act by the agency in charge of its administration is entitled to great deference. *See Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976); *Yellow Cab Cooperative Ass'n v. Colorado Ground Transportation Center, Inc.,* 654 P.2d 1331 (Colo.App. 1982). Thus, I would affirm the Commission's ruling as to the imposition of penalties.