CHRIS KALAPODES, Claimant-Appellee, *v.* E. E. BLACK, LTD., AND FIRST INSURANCE COMPANY OF HAWAII, Employer, Insurance Carrier-Appellee, and PACIFIC CONSTRUCTION COMPANY AND HAWAIIAN INSURANCE & GUARANTY, Employer-Insurance Carrier, Cross-Appellant, and DEL E. WEBB CORPORATION AND FIREMAN'S FUND AMERICAN INSURANCE COMPANY, Employer, Insurance Carrier-Appellee, and SPECIAL COMPENSATION FUND, Appellant

NO. 8112

CASE NO. AB 77-323 (2-76-8537; 74-17091; and 71-22962)

SEPTEMBER 20, 1983

LUM, C.J., NAKAMURA, PADGETT AND HAYASHI, JJ.,
AND ASSOCIATE JUDGE HEEN,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HAYASHI, J.

This case presents the question whether the Labor and Industrial Relations Appeals Board (Appeals Board) properly joined a claimant-employee's previous employer in order to

consolidate his multiple claims for separate injuries against successive employers. We decide it did and affirm the Appeals Board.

The facts of this case are not in dispute. Claimant Chris Kalapodes (Kalapodes) injured his back four different times. He first injured it lifting a heavy box on March 23, 1972, while employed by Del E. Webb Corporation (Webb). Kalapodes was out of work seven days; he claimed and received seven days' temporary total disability compensation. He reinjured his back on September 14, 1972, while still employed by Webb. This time Kalapodes was out of work eighteen weeks and four days. For this injury he again claimed and received temporary total disability payments.

Kalapodes subsequently changed jobs and was hired by Pacific Construction Company (PCC). On July 27, 1974, while employed by PCC, Kalapodes reinjured his back attempting to loosen a frozen bolt. X-rays taken after the accident showed that Kalapodes's spondylolisthesis had worsened due to the injury. Kalapodes reported his injury to PCC. He remained home five days and received one week's temporary total disability payments from PCC. Kalapodes then resumed work and later took a new job with E. E. Black, Ltd. (Black). On March 31, 1976, Kalapodes suffered his final back injury while employed by Black. As a result of his four injuries, Kalapodes has been unable to work since March 31, 1976.

Kalapodes filed a permanent disability compensation claim with the Department of Labor and Industrial Relations, Disability Compensation Division, against his last employer, Black, and its insurance carrier, First Insurance Company of Hawaii. A hearing was held on September 19, 1977, and the Director issued his opinion on October 4, 1977 granting Kalapodes open-ended temporary total disability from April 1, 1976 and various medical care expenses. The Director expressly left open the issue of permanent disability.

Black appealed the Director's decision pursuant to Hawaii Revised Statutes (HRS) § 386-87(a). On December 15, 1978, Kalapodes filed a motion to join Webb, PCC, and the Special Compensation Fund (SCF) as additional parties to the permanent disability hearing. The Appeals Board granted Kalapodes's motion for joinder on March 13, 1979.

A full hearing de novo was held before the Appeals Board on November 19, 1979. The Appeals Board heard copious medical testimony from all parties and issued its opinion on May 21, 1980. The Board framed the issues before it as follows:

1. What permanent disability resulted from each of four work injuries which Claimant sustained on March 31, 1976, July 27, 1974, March 23, 1972, and September 14, 1972;

2. If permanent disability resulted from any of these work injuries then what portion thereof should be paid by the Special Compensation Fund pursuant to Section 386-33, HRS?

The Board answered by finding Kalapodes was permanently and totally disabled due to the four separate back injuries incurred while he was employed by his various employers. It further determined that 25% of Kalapodes's permanent disability was due to the injury he received while working for E. E. Black, 5% due to the injury received while working for PCC, and no permanent impairment as a result of either of the Webb injuries. The Board consequently ordered Black and PCC to pay Kalapodes corresponding permanent partial disability compensation under HRS § 386-32(a) and, pursuant to HRS § 386-33, ordered the SCF to pay the remaining 70% of Kalapodes's compensation award.

On June 20, 1980, the SCF moved to reopen the Appeals Board's decision; the Board denied the motion on September 5, 1980. The SCF then filed a timely appeal to this court pursuant to HRS § 386-88. On October 16, 1980, PCC filed its cross-appeal. On December 15, 1982, the SCF withdrew its appeal, leaving PCC's cross-appeal the only matter before this court.

Appellant PCC asks this court for a ruling that workers' compensation liability may not be apportioned among successive employers. PCC misreads the issue, however, because this is not an apportionment case.[1] The Appeals Board did not

---

[1] Kalapodes conceded in his brief and on oral argument that the Hawaii workers' compensation statute, HRS § 386-1 *et seq.*, does not expressly provide for apportionment between successive employers.

apportion liability for Kalapodes's total disability; instead, the Appeals Board correctly identified the question before it as what permanent disability Kalapodes had sustained from each of his four work-related injuries. In other words, it merely decided Kalapodes's separate claims for each of his four prior injuries at the same hearing. PCC's appeal therefore is grounded in its joinder as a party to the Appeals Board hearing, and the precise issue before us is whether an employee injured in separate accidents while working for different employers may properly join those employers and consolidate his separate claims in a single Appeals Board hearing. We rule he can.

Our law generally allows joinder of both parties and claims. *See, e.g.,* Hawaii Rules of Civil Procedure (HRCP) 18(a) and 20(a).[2] More specifically, HRS § 371-4(h) empowers the Appeals Board to adopt its own rules of procedure in accordance with HRS § 91-2(a)(2). For the period in question, 1977-1979, the Appeals Board had promulgated rules allowing both consolidation of claims and joinder of parties in a single hearing:

> Consolidations. The board, upon its own initiation or upon motion, may consolidate for hearing or for other purposes or may contemporaneously consider two or more proceedings which involve substantially the same parties or issues which are the same or closely related, if it finds that the consolidation or contemporaneous hearing will be conducive to the proper dispatch of its business and to the ends of justice and will not unduly delay the proceedings.

> Joinder of parties. The board may order the joinder of additional parties necessary for the full adjudication of the case.

---

[2] For example, HRCP 20(a) would have allowed joinder of PCC as a party to this action if it had been brought as a civil tort action in the circuit court:

. . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . . .

Hawaii Labor and Industrial Relations Appeals Board, Rules of Practice and Procedure (Appeals Board Rules), §§ 20, 29 (1970).[3]

In the present case, the Appeals Board was well within its authority in consolidating Kalapodes's four claims in one hearing. Presentation of the extensive medical record here would have made four separate hearings, de novo hearings, and appeals a great waste of administrative and judicial time. PCC has also not demonstrated any injustice or delay resulting from consolidation of Kalapodes's claim against it with his claims against his other employers.

PCC argues that it was improperly joined as a party because Kalapodes failed to file a direct claim against it. We disagree. First, there is nothing in the record to indicate that PCC objected to its joinder on these grounds at the February 23, 1979 Appeals Board hearing on Kalapodes's motion to join. This court will not consider issues for the first time which were not presented to the Appeals Board. *Demond v. University of Hawaii,* 54 Haw. 98, 103, 503 P.2d 434, 437 (1972).

Second, PCC did compensate Kalapodes for temporary total disability in 1974. An employer who makes voluntary compensation payments to an employee waives the written claim requirement of HRS § 386-82(a). HRS § 386-83(a). Nothing in its joinder rules prevents the Appeals Board from joining as an additional party to a permanent disability hearing an employer who has already compensated the employee for temporary disability. This court in the past has recognized the Appeals Board's predecessor's power to order joinder of potentially liable insurers, *DeGrace v. Young,* 27 Haw. 476, 489 (1923); we see no reason to disallow joinder of potentially liable employers. The Board after a hearing found good cause for joinder and this court will not disturb its finding absent proof that it was clearly erroneous or an abuse of discretion. HRS § 91-14(g)(5), (6); *DeFries v. Association of Owners, 999*

---

[3] Though the Appeals Board Rules were revised in 1981, Rules 20 and 29 were retained with only slight modification. The rule numbers, however, were changed to § 12-43-20 and § 12-43-29 respectively.

Wilder, 57 Haw. 296, 302-03, 555 P.2d 855, 859 (1976).
Affirmed.

*Steven K. Miyasaka,* Deputy Attorney General, on the brief for Appellant Special Compensation Fund.

*Grant K. Kidani* and *Amy R. Miyasaki (Kidani, Oshima & Wong,* of counsel) for Employer-Insurance Carrier, Cross-Appellant Pacific Construction Company and Hawaiian Insurance & Guaranty.

*Richard H. Hirai (Hirai and Lum,* of counsel) for Claimant-Appellee Chris Kalapodes.