**SHANE M. TAKAHASHI**, Petitioner–Appellant, v. **IRWIN TANAKA**, Administrative Director of the Courts, State of Hawai'i, Respondent–Appellee

NO. 16103

(CASE NO. AR92–0048
Original Case No. 91–02384)

APRIL 8, 1994

BURNS, C.J., CIRCUIT JUDGE YIM, IN PLACE OF HEEN, J., RECUSED, AND CIRCUIT JUDGE CHANG, IN PLACE OF WATANABE, J., DISQUALIFIED

*Per Curiam.* Petitioner–appellant Shane M. Takahashi (Takahashi) appeals from the district court's decision and order affirming the administrative revocation of his driver's license pursuant to Hawai'i Revised Statutes (HRS) chapter 286, Part XIV (Supp. 1992) (Administrative Revocation Program).[1] Takahashi failed to appear at the scheduled administrative hearing that he had requested, and subsequently sought judicial review of the hearing officer's revocation of his license after the entry of a notice of default.

---

[1] In *Kernan v. Tanaka*, 75 Haw. 1, 856 P.2d 1207 (1993), *cert. denied*, ___ U.S. ___, 114 S. Ct. 1070 (1994), the supreme court fully discussed the rules and procedures for license revocation under the Administrative Revocation Program and held that the program was constitutionally valid.

Takahashi raises two issues on appeal. First, he contends that the district court erred in affirming the hearing officer's decision where no transcript of the proceedings before the hearing officer was prepared. Second, he contends that the district court erred in failing to reverse the hearing officer's revocation of his license because, as a matter of law, his blood alcohol concentration (BAC) was not 0.10 percent or above.

We conclude that Takahashi's contentions are without merit, and affirm.

## FACTS

The sworn statement of police officer Darius Evangelista (Officer Evangelista) indicates that at 3:36 a.m., on December 28, 1991, he arrested Takahashi for driving under the influence of intoxicating liquor, in violation of HRS § 291–4 (Supp. 1992). The events leading to the arrest were as follows: (1) Officer Evangelista stopped Takahashi for running a stop sign at Hauʻoli Street and Kāpiolani Boulevard in Honolulu; (2) Takahashi had a strong odor of an alcoholic beverage on his breath, and his eyes were watery and glassy; and (3) Takahashi failed to perform satisfactorily the field sobriety tests administered by Officer Evangelista. After his arrest, Takahashi consented to take a breath test.

The sworn statement of Clayton Saito (Saito), a certified Intoxilyzer operator, and supporting documents, show that (1) Saito administered the breath test to Takahashi within three hours of the alleged offense; (2) the Intoxilyzer used indicated no errors or malfunctions during the testing; and (3) the test record card indicated a BAC of 0.10 percent, the three digit reading on the Intoxilyzer being 0.108 percent.

Leighton Kalapa, a certified Intoxilyzer supervisor, submitted a sworn statement to the effect that the Intoxilyzer used to test Takahashi's breath was "in proper working order when the test was conducted." Record at 33.

Officer Evangelista took possession of Takahashi's driver's license and issued to Takahashi a Notice of License Revocation with an endorsement that it was a 30–day temporary driving permit, pursuant to HRS § 286–255.

The director of the Administrative Driver's License Revocation Office (ADLRO) automatically reviewed the evidence and revoked Takahashi's license for a period of one year, pursuant to HRS § 286–258.

On January 3, 1992, the ADLRO mailed to Takahashi a Notice of Administrative Review Decision, informing him of the license revocation and the grounds therefor. The Notice informed Takahashi that, in order to request an administrative hearing, he must return the enclosed postage paid postcard and call a designated telephone number within five days of the date the Notice was mailed. On January 5, 1992, Takahashi completed the postcard requesting an administrative hearing which the ADLRO received on January 13, 1992. On January 14, 1992, the ADLRO sent to Takahashi a letter informing him that an administrative hearing had been set for February 7, 1992, at 9:30 a.m.

On February 7, 1992, at the scheduled time, Takahashi failed to appear for his administrative hearing. On February 12, 1992, the hearing officer's Notice of Default and Notice of Administrative Hearing Decision were sent to Takahashi. In the Notice of Default, the hearing officer found that (1) Takahashi had been served with a Notice of Hearing by regular mail on January 14, 1992;

(2) Takahashi failed to appear for his administrative hearing on February 7, 1992, at the scheduled time and designated place; and (3) Takahashi "did not notify the ALDRO in advance nor request a continuance[.]" Record at 3. Relying on HRS § 286–259(k), the hearing officer entered an order of default and sustained the Notice of Administrative Review Decision revoking Takahashi's driver's license for one year.

On February 19, 1992, Takahashi filed in the district court a Petition for Judicial Review, alleging, *inter alia*, that his BAC was not 0.10 percent or above and praying that the administrative revocation of his license be reversed. On March 23, 1992, a hearing was held on Takahashi's petition.[2] In its decision and order filed on March 24, 1992, the district court affirmed the administrative revocation of Takahashi's driver's license.

Thereafter, Takahashi timely appealed.

## DISCUSSION

### I.

Relying on HRS § 286–259(h), which provides that an administrative "hearing shall be recorded," [3] Takahashi asserts that every hearing before a hearing officer must be recorded, whether the arrestee appears or fails to appear. Otherwise, he argues that, because of a lack of transcript,

---

[2] Petitioner–appellant Shane M. Takahashi requested a transcript of the March 23, 1992 hearing which was tape recorded. However, because of tape recording equipment malfunction, the tape was inaudible and no transcript could be provided for the appeal.

[3] Hawai'i Revised Statutes (HRS) § 286–259(h) reads in its entirety as follows:

(h) The hearing shall be recorded in a manner to be determined by the director.

the district court will be unable to decide the issues presented to it for judicial review. Therefore, Takahashi contends that the district court erred in failing to reverse the administrative revocation of his license. We disagree.

In applying the mandate of HRS § 286–259(h), we must first determine what the term "hearing" means. Unfortunately, the Administrative Revocation Program statute does not define what constitutes a "hearing." However, generally, a "hearing" is defined to mean "a proceeding where evidence is taken to determine issue[s] of fact and to render [a] decision on [the] basis of that evidence." BLACK'S LAW DICTIONARY 721 (6th ed. 1990). More particularly, as to a hearing before an administrative agency, "it consists of any confrontation, oral or otherwise, between an affected individual and an agency decision–maker sufficient to allow [the] individual to present his [or her] case in a meaningful manner." *Id.*

Here, Takahashi failed to appear at the scheduled time and place. Consequently, the hearing officer defaulted Takahashi and sustained the administrative revocation of license imposed by the director of the ADLRO pursuant to HRS § 286–259(k), which provides as follows:

> (k) If the arrestee fails to appear at the hearing, administrative revocation shall take effect for the period and under the conditions established by the director in the administrative review decision issued by the director under section 286–258.

Consequently, Takahashi waived his opportunity to "present his case in a meaningful manner," and there was no need to take any evidence "to determine issue[s] of fact and to render [a] decision on [the] basis of that evidence."

Since there was no "hearing" within the purview of HRS § 286–259(h), there was no obligation to record

the proceedings. Therefore, the district court did not err in affirming the administrative revocation of Takahashi's driver's license despite the lack of a transcript of the February 7, 1992 proceeding.

## II.

Despite failing to appear at the scheduled February 7, 1992 administrative hearing and the entry of a default against him, Takahashi did not seek to set aside the default. Instead, pursuant to HRS § 286–260,[4] Takahashi filed a petition for judicial review, seeking a reversal of the administrative revocation on the ground that, because of the possible "error range . . . [of] at least plus or minus .01 percent," his BAC was not 0.10 percent or above at the time of his arrest.[5] Record at 47. In its March 24, 1992 decision and order, the district court affirmed the administrative revocation, concluding

---

[4] HRS § 286–260 provides in part as follows:

> §286–260 Judicial review; procedure. (a) If the director sustains the administrative revocation after administrative hearing, the arrestee may file a petition for judicial review within thirty days after the administrative hearing decision is mailed. The petition shall be filed with the clerk of the district court in the district in which the offense occurred and shall be accompanied by the required filing fee for civil actions. The filing of the petition shall not operate as a stay of the administrative revocation nor shall the court stay the administrative revocation pending the outcome of the judicial review. The petition shall be appropriately captioned. The petition shall state with specificity the grounds upon which the petitioner seeks reversal of the administrative revocation.

[5] HRS § 286–258 provides that, upon administrative review, the director shall administratively revoke the arrestee's driver's license if the director determines, *inter alia*, that

that the hearing officer properly defaulted Takahashi and "the default entered does not contemplate a challenge to the merits of the case." *Id.* at 52.

Takahashi contends that the district court erred. We disagree.

Our supreme court has stated that "the general rule that an appellate court will consider only such questions as were raised and reserved in the lower court applies on review by courts of administrative determinations so as to preclude from consideration questions or issues which were not raised in administrative proceedings." ***Waikiki Resort Hotel, Inc. v. City & County of Honolulu***, 63 Haw. 222, 250, 624 P.2d 1353, 1372 (1981) (citation omitted). *See also* ***Kalapodes v. E.E. Black, Ltd.***, 66 Haw. 561, 565, 669 P.2d 635, 637 (1983) (the supreme court will not consider issues which were not first raised before the Labor and Industrial Relations Appeals Board). This precept "is based upon the demands of orderly procedure and the justice of holding a party to the results of his [or her] own conduct[.]" ***Ariyoshi v. Hawai'i Public Employment Relations Bd.***, 5 Haw. App. 533, 545, 704 P.2d 917, 926 (1985).

In this case, Takahashi failed to appear at the scheduled administrative hearing and was defaulted. As a

---

(d)(3) The evidence proves by a preponderance that the arrestee drove, operated, or was in actual physical control of the motor vehicle while under the influence of intoxicating liquor *or* while having a blood alcohol concentration of 0.10 or more *or* that the arrestee refused to submit to a breath or blood test after being informed of the sanctions of this part. [Emphases added.]

Thus, the director may administratively revoke an arrestee's license if the preponderant evidence shows that the arrestee was driving under the influence even though his blood alcohol concentration was below 0.10 percent.

result, he failed to raise any issue on the merits regarding the administrative revocation of his driver's license in the administrative proceeding. Therefore, the district court properly refused to consider Takahashi's question on the merits of the case raised for the first time on appeal.

## CONCLUSION

We conclude that the district court did not err in affirming the administrative revocation of Takahashi's driver's license under the Administrative Revocation Program.

Affirmed.


*Gregory T. Grab* (Law offices of Gregory T. Grab, of counsel) on the brief for petitioner–appellant.

*Stacy N. Hutchison–Miller*, Deputy Attorney General, and *Edwin L. Baker*, Special Deputy Attorney General, on the brief, for respondent–appellee.