EDWARD R. HAZUKA, Claimant-Appellee/Appellant-Cross-Appellee,
v.
ALLIED MAINTENANCE SERVICES, INC., and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., Employer/Insurance Carrier-Appellant/Appellee-Cross-Appellant, and
SPECIAL COMPENSATION FUND, Appellee/Appellee.
No. 28760
Intermediate Court of Appeals of Hawaii.
February 24, 2009.
On the briefs:
Joseph T. Toma, for Claimant-Appellant/Appellant-Cross-Appellee.
Lawrence H. Nakano, (Ayabe, Chong, Nishimoto, Sia & Nakamura), for Employer/Insurance Carrier-Appellant/Appellee-Cross-Appellant.
Frances E.H. Lum, Leon B. Young, Deputy Attorneys General, for Appellee/Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and LEONARD, JJ.
Claimant-Appellee/Appellant-Cross-Appellee Edward R. Hazuka (Hakuza) appeals from the August 23, 2007 Decision and Order (D&O) of the Labor and Industrial Relations Appeals Board (the LIRAB).
On May 22, 2001, the Director of the Labor and Industrial Relations Board (Director) issued a Decision (5/22/01 Decision) requiring Hazuka's former employer, Employer-Appellant/Appellee-Cross-Appellant Allied Maintenance Services, Inc. (Allied), to pay for Hazuka's physical therapy (PT) for the work-related injury to his low back as long as the treatment plans met the requirements of Hawaii Revised Statutes (HRS) Chapter 386 and the related Workers' Compensation Medical Fee Schedule Administrative Rules (W/C Admin. Rules). On June 10, 2003, the Director issued a supplemental Decision (6/10/03 Decision), in which the Director determined that Allied was liable for Hazuka's further PT, except for PT exceeding the maximum treatment permitted under Sections 12-15-32 and 12-15-34 of the W/C Admin. Rules. On April 1, 2005, the Director issued another supplemental Decision (4/1/05 Decision), in which the Director determined that Hazuka was Permanently and Totally Disabled (PTD) on a medical basis as a result of his low back injury.
Allied and its workers' compensation insurer, Insurer-Appellant/Appellee-Cross-Appellant Cambridge Integrated Services Group, Inc. (hereinafter, collectively referred to as Allied), appealed to the LIRAB from the 6/10/03 and 4/1/05 Decisions. In the D&O, the LIRAB reversed the 6/10/03 and 4/1/05 Decisions.
On appeal, Hazuka argues that the LIRAB erred as a matter of law when it determined that Allied was not liable for Hazuka's further PT and Hazuka was not PTD, but only Permanently Partially Disabled (PPD). Hazuka requests that we reverse the D&O of the LIRAB and reinstate the Director's 5/22/01 and 4/1/05 Decisions.
On cross-appeal, Allied argues that in the D&O,
(1) the portion of Finding of Fact (FOF) 23 where the LIRAB credits the testimony of Brian Goodyear, Ph.D (Dr. Goodyear) over that of Nadine Shigezawa, Ph.D (Dr. Shigezawa) and finds that Hazuka's preexisting psychiatric impairment was 5% of the whole person is clearly erroneous because it is based on a clearly erroneous portion of FOF 21 and the clearly erroneous FOF 2 2; and
(2) Conclusions of Law (COLs) 2 and 3 are wrong because they are based on the LIRAB's reliance upon Dr. Goodyear's opinions and the LIRAB's failure to recognize the difference between a medical determination of impairment and an administrative determination of disability.
In the "Conclusion and Statement of Desired Relief" in its opening brief on cross-appeal, Allied states the following:
[T] he LIRAB erred in finding that [Hazuka's] preexisting disability only amounted to 10[%] of the whole person and therefore did not meet the threshold level for joinder of the SCF [Special Compensation Fund] under HRS Section 386-33. [Allied] seeks a determination that [Hazuka's] level of preexisting disability exceeded 10 [%] of the whole person based upon Dr. Shigezawa's findings and Dr. Goodyear's statements, or in the alternative based upon [Hazuka's] level of [PPD] rather than permanent partial impairment, thereby finding that apportionment with the SCF under HRS Section 386-33 was appropriate.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Hazuka's points of error as follows:
(1) The LIRAB did not err as a matter of law when it determined that Hazuka was not PTD. Hazuka did not argue below that he was PTD on an "odd-lot" basis. By failing to assert to the LIRAB the grounds he now relies upon for relief in this appeal, Hazuka waived those claims. See Kalapodes v. E.E. Black, Ltd., 66 Haw. 561, 565, 669 P.2d 635, 637 (1983) (holding that courts "will not consider issues for the first time which were not presented to the [LIRAB]").
(2) The LIRAB did not err when it determined that Allied was not liable for Hazuka's PT and COL 1 is not wrong. Based on our review of the findings of fact underlying COL 1, findings which Hazuka does not dispute, there was sufficient evidence to support COL 1. See HRS §§ 386-21(a) (Supp. 1997) & 386-26 (Supp. 2004).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Allied's points of error as follows:
(1) The portion of FOF 23 where the LIRAB credits Dr. Goodyear's testimony over Dr. Shigezawa's and finds that Hazuka's preexisting psychiatric impairment was 5% of the whole person is not clearly erroneous.
(a) The portion of FOF 21 providing that "[a]t trial, Dr. Shigezawa testified that her rating for [Hazuka]'s preexisting psychiatric impairment was based not only on psychiatric factors that existed before the work injury but also on nonindustrial psychiatric issues or problems that affected [Hazuka] after the June 26, 1997 work injury" is not clearly erroneous because it does not misstate Dr. Shigezawa's testimony.
(b) FOF 22 is not clearly erroneous. There is no evidence in the record on appeal that in issuing the FOF, the LIRAB failed to consider Dr. Goodyear's testimony that (i) his rating was an "arbitrary decision" and an estimate that Hazuka's preexisting impairment could possibly be a little more than 5% and (ii) his conclusion was inconsistent with prior American Medical Association's Guides to the Evaluation of Permanent Impairment evaluating slight psychological impairment at between 10% and 20%. There were ample grounds for crediting Dr. Goodyear's opinion, including his extensive experience, the number of tests he used to aid in his analysis, the consistency of his observations with those of other health providers, and the LIRAB's opportunity to review the written reports and assess the relative credibility and weight to be given to Dr. Goodyear's testimony. It was within the LIRAB's discretion to decide what weight to give to Dr. Goodyear's testimony as a whole, and we decline to disturb the LIRAB's determination on that point on appeal. See Tamashiro v. Control Specialist. Inc., 97 Hawai'i 86, 92, 34 P.3d 16, 22 (2001) ("[T]he credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal.").
(2) COLs 2 and 3 are not wrong.
(a) It was within the LIRAB's discretion whether to rely upon Dr. Goodyear's or Dr. Shigezawa's opinions. See Tamashiro, 97 Hawai'i at 92, 34 P.3d at 22.
(b) The LIRAB's failure to explain in COL 2 whether it combined the doctors' 5% impairment rating with Hazuka's personal background in arriving at its 5% preexisting permanent disability rating does not render COL 2 wrong. See HRS § 386-33 (Supp. 1999); Bumanglag v. Oahu Sugar Co., 78 Hawai'i 275, 280, 892 P.2d 468, 473 (1995).
Therefore,
The Decision and Order of the Labor and Industrial Relations Appeals Board filed on August 23, 2007 is affirmed.