**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000098
21-NOV-2025
07:47 AM
Dkt. 62 SO**

NO. CAAP-23-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DOUGLAS ENGINEERING PACIFIC, INC., Petitioner-Appellant-Appellant, and OHANA CONTROL SYSTEMS, INC., Nonparty-Appellant-Appellant,
v.
BUILDING BOARD OF APPEALS OF THE CITY AND COUNTY OF HONOLULU, Nominal Appellee-Appellee,
and
DIRECTOR OF THE DEPARTMENT OF PLANNING AND PERMITTING, Intervenor-Appellee-Appellee, and the HONOLULU FIRE DEPARTMENT, Respondent-Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0000674)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

This is a secondary appeal arising out of Petitioner-Appellant-Appellant Douglas Engineering Pacific, Inc.'s (**Douglas**) application to appeal the Respondent-Appellee-Appellee Honolulu Fire Department (**HFD**) Fire Chief's decision to fail Douglas's fire alarm system test. This matter was brought

before the Building Board of Appeals of the City and County of Honolulu (**BBA**),[1] and, in May 2022, the BBA adopted its "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], Decision and Order" (**BBA Order**), denying Douglas's application.

Douglas and Nonparty-Appellant-Appellant Ohana Control Systems, Inc. (**Ohana**) (collectively **Appellants**)[2] filed an appeal with the Circuit Court of the First Circuit[3] (**circuit court**), challenging the BBA Order.  The circuit court issued its "Decision and Order Affirming the [BBA Order]" (**Circuit Court Order**), and Judgment, both of which were filed on January 27, 2023.  This appeal followed.

Appellants raise three contentions of error,[4] contending that the circuit court erred: (1) in concluding that the BBA Order "was not made in violation of statutory provisions or upon unlawful procedure . . . when the record only evidence[d] the adoption of the BBA [Order] by one BBA member"; (2) in "concluding that the BBA [Order] was not made in

---

[1]     The BBA is a nominal appellee in this appeal.

[2]     Douglas is the electrical engineering corporation that designed the fire alarm system at issue in this matter, and Ohana is the fire alarm installer.

[3]     The Honorable James H. Ashford presided.

[4]     The opening brief lists three "questions presented for decision," but does not set forth a points of error section that states "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court," as required under Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).  (Formatting altered.)

violation of statutory provisions or upon unlawful procedure . . . when the BBA excluded [Ohana] . . . from the hearing"; and (3) when it concluded that "the BBA did not err in determining as a matter of law that a lanai is an occupiable space" that must comply with the Fire Code of the City and County of Honolulu's (**Fire Code**) audibility requirements for fire alarm systems.

We review secondary appeals of an agency's decision de novo, "applying the standards set forth in [Hawaii Revised Statutes (**HRS**)] § 91-14(g)[ (2012)] to the agency's decision" to "determine whether the circuit court was right or wrong in its decision." Flores v. Bd. of Land & Nat. Res., 143 Hawai'i 114, 120, 424 P.3d 469, 475 (2018) (citation omitted).

HRS § 91-14(g) permits the court to,

reverse or modify [an agency] decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

. . . .

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record[.]

Under HRS § 91-14(g), we review COLs under subsections (1) and (4), questions regarding procedural defects under

3

subsection (3), and FOFs under subsection (5).  Paul's Elec. Serv., Inc. v. Befitel, 104 Hawai'i 412, 416, 91 P.3d 494, 498 (2004).  "[A]n agency's [COLs] are reviewed de novo, while an agency's [FOFs] are reviewed for clear error."  Id. at 420, 91 P.3d at 502 (cleaned up).

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced, and the issues raised by the parties, we resolve Appellants' contentions of error as follows:

(1) Appellants contend that the circuit court wrongly affirmed the BBA Order "because the record only evidences that one BBA Board Member adopted the BBA [Order]."  (Formatting altered.)

Revised Ordinances of Honolulu (**ROH**) § 16-1.1(13) (1990)[5] requires all actions made by the BBA to have "an affirmative vote of five or more board members."  Appellants contend that there was no vote made at any meeting, "the BBA [Order] was only signed by one BBA member," and the record

---

[5]    The ROH sections quoted and cited in this summary disposition order are from the 1990 ROH, as amended, which was in effect at the time Douglas requested reconsideration of the HFD's decision to fail its fire alarm acceptance test.

"contains no information on which BBA members voted to approve and adopt the BBA [Order], other than [the c]hairperson."[6]

The BBA Order did not expressly state that at least five of the BBA members voted to deny Douglas's application.[7] However, on this record, we conclude that the BBA complied with ROH § 16-1.1(13).

At the October 8, 2021 hearing before the BBA, the BBA Chairperson informed the parties that,

> [a]t the conclusion of the hearing, the [BBA] members will meet in closed session with only the members of the [BBA] and the [BBA's] legal counsel present to consider its recommendation and render a decision.
>
> All [BBA] actions require an affirmative vote by a minimum of five members.

The BBA Chairperson subsequently asked those present at the hearing, "Does anybody have any questions on the process?" To which Douglas replied, "No."

---

[6] Here Appellants appear to challenge numbered paragraph (2) of the Circuit Court Order, which states:

> ROH Section 16-1.1(13) requires the affirmative vote of at least five board members for an action to be valid. The [Record on Appeal (**ROA**)] tends to indicate that the BBA complied with ROH Section 16-1.1(13) in adopting the BBA [Order], and there is no indication in the ROA that the BBA [Order] was not adopted by an affirmative vote of at least five members of the BBA. Further, Appellants did not cite any rule or other legal authority requiring the signature of each BBA member on a decision.

[7] The BBA Order reads, in relevant part, that "[b]ased upon the [FOFs] and [COLs], it is the decision of this Board that the appeal request with respect [to] the decision of the Fire Official is denied." (Emphasis added.)

The record reflects that five BBA members were present at the October 8, 2021 hearing, and that the BBA's May 11, 2022 certified letter to the parties stated that the BBA "adopted the [BBA Order] <u>that [was] the determination of the [BBA] members present at the BBA Hearing conducted on October 8, 2021</u>." (Emphasis added.)

Appellants further contend that Revised Charter of the City and County of Honolulu (**RCCCH**) § 13-103.1(i) (2017) required the BBA's vote to be taken at a public meeting. RCCCH § 13-103.1(i) ("The affirmative vote of a majority of the entire membership shall be necessary to take any action, and such action shall be made at a meeting open to the public."). Appellants did not raise this issue in their appeal to the circuit court. We therefore may decline to address this contention. <u>See</u> <u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.</u>, 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).

Moreover, Appellants' contention lacks merit. The RCCCH § 13-103.1(i) action taken by the BBA was the BBA's adoption of the BBA Order. The record reflects that the BBA's adoption of the BBA Order was "made at a meeting open to the public." Appellants do not point to any authority that requires the BBA's vote on a proposed action to be made on the record.

(2) Appellants contend that the circuit court erred by not vacating the BBA Order because the BBA precluded Ohana from

attending the October 8, 2021 hearing.[8]  Douglas contends that, as a result, it "was deprived of the opportunity for Ohana to assist [it] with its cross-examination of the HFD witnesses, and Ohana was deprived of its opportunity to be heard as an interested person."

The Rules of the BBA (**BBA Rules**) Rule 5.3 (1983) provides that "all parties to the proceeding" must be notified "of their opportunity to be heard."  BBA Rule 5.4 further states that the BBA "shall afford the appellant and all other interested persons an opportunity to be heard within a reasonable time from the filing of [the] petition."

The record reflects that: Douglas filed the application to appeal the HFD Fire Chief's decision; Ohana did not join as a petitioner or intervenor in Douglas's appeal before the BBA; and the only parties and persons present at the October 8, 2021 hearing were Douglas, Intervenor-Appellee-Appellee Department of Planning and Permitting (**DPP**),[9] and the HFD.

---

[8]    Here Appellants challenge numbered paragraph (3) of the Circuit Court Order which states:

> Nothing in the ROA supports Appellants' assertion that the BBA excluded [Ohana] from attending or participating in the hearing before the BBA.

[9]    At the hearing before the BBA, the DPP asked to intervene as a party to the case, to which there were no objections.  In the circuit court appeal, the parties filed a stipulation that permitted the DPP to intervene as an appellee.

7

Douglas contends that "[p]rior to going on [the] record, the BBA attorney excluded Ohana from attending the hearing and would not allow its principal to be present during the hearing." Douglas does not otherwise point to where in the record the BBA excluded Ohana from the hearing. Nothing in the record indicates that Douglas objected to Ohana's alleged exclusion from the October 8, 2021 hearing.[10] We therefore decline to address this issue. See Kalapodes v. E.E. Black, Ltd., 66 Haw. 561, 565, 669 P.2d 635, 637 (1983) ("This court will not consider issues for the first time which were not presented to the [BBA].") (citation omitted).

(3) Appellants contend that the circuit court wrongly affirmed the BBA's application of the Fire Code because the Fire Code must be read with the Building Code to determine the applicable audibility requirements, and that the Building Code supersedes the Fire Code where the two codes conflict.[11]

---

[10]    The parties were asked at the beginning of the October 8, 2021 hearing whether they had any "preliminary matters," and neither party raised any issues. At the end of the hearing, the BBA Chairperson asked the parties whether "anyone [had] anything further for the [BBA] on the matter." Douglas only clarified "that the inspector's decision is not the final decision of the Fire Chief," and that it was "appealing the final decision of the Fire Chief," therefore, "the statute had not run." It did not object to Ohana's alleged exclusion from the BBA hearing on the record.

[11]    Appellants challenge COLs 8-11 of the BBA Order which state:

8.    The Fire Code requires "[a]udible alarm notification appliances shall be of such character and so distributed as to be effectively hear[d] above the average ambient sound level that exists under normal

(continued . . .)

8

ROH § 16-1.1(14) (1990) provides that "[t]he [BBA] shall hear and determine appeals from the decisions of the fire official <u>in the administration of the *Fire Code*</u>, including . . . <u>any denial of the use of new</u> or alternate materials, types of construction, <u>equipment, devices or appliances</u>."  (Emphasis added.)  Furthermore, "an appeal may be sustained if the record shows that: (1) the new . . . equipment, device[,] or appliance[] <u>meet[s] the required standards established by the codes being appealed from</u>."  ROH § 16-1.1(14) (emphasis added)

---

[11](. . .continued)
conditions of occupancy."  See NFPA 1 Section 13.7.1.4.10.7 and NFPA 101 Section 9.6.3.7.

9.    The Fire Code also requires that the alarm signal shall operate throughout the entire building with only a few exceptions.  See NFPA 1 Section 13.7.1.4.10.6.1 and NFPA 101 Section 9.6.3.6.1.

10.   The Fire Code defines "living area" as "Any normally occupiable space in a residential occupancy, other than sleeping rooms or rooms that are intended for combination sleeping/living, bathrooms, toilet compartments, kitchens, closets, halls, storage or utility spaces, and similar areas."  See NFPA 101 Section 3.3.21.5 and NFPA 72 Section 3.3.1.133.

11.   The Fire Code further requires that [the] signal heard "have a sound level at least 15[]dB above the average ambient sound level or 5 dB above the maximum sound level having a duration of at least 60 seconds, whichever is greater . . . " NFPA 72 Section 18.4.3.1.

Appellants also challenge FOFs 5, 6, and 13-17 of the BBA Order as "mislabeled" COLs.  These FOFs, which appear to describe testimony that was given at the BBA hearing, do not present legal conclusions.  We therefore review these FOFs under the clearly erroneous standard, and Appellants fail to present any argument as to how the challenged FOFs are clearly erroneous.

(applying the same standard of review for the Fire Official's denial of the use of new equipment, devices, or appliances).

ROH § 16-1.1(45) (1990) adopted the 2012 International Building Code, with modifications, and provides that "[f]ire protection systems must be installed, repaired, operated, and maintained in accordance with [the Building Code] and the *Fire Code*." The Building Code specifically provides that <u>fire alarm systems</u> and their components shall comply with the <u>Fire Code</u>. ROH § 16-1.1(23), (31), (115) (1990). Therefore, the circuit court was not wrong in determining that the BBA did not err in applying the Fire Code.

Appellants further contend that the circuit court was wrong in affirming the BBA's application of the Fire Code's audibility requirements to lanais. Appellants contend that the Fire Code does not require fire alarm systems to operate with a specific level of audibility on lanais.[12]

We review an agency's interpretation of administrative rules de novo and apply the general principles of statutory construction. <u>Honoipu Hideaway, LLC v. Land Use Comm'n</u>, 156 Hawaiʻi 367, 372, 575 P.3d 24, 29 (2025). We first look at the

---

[12] Here Appellants challenge COL 12 of the BBA Order, which states:

> The inclusion of the lanai as "living area" subject to the Fire Code is appropriate and that when the alarm system did not comply with the audible requirements of the Fire Code, the failure of the acceptance test was also appropriate.

rule's language. Id. "If [the rule's] language is unambiguous, and its literal application is neither inconsistent with the policies of the statute the rule implements nor produces an absurd or unjust result, courts enforce the rule's plain meaning." Id. (citation omitted). Although "[a]n agency's interpretation of its own rules is generally entitled to deference[,] . . . [the] court [will] not defer to agency interpretations that are plainly erroneous or inconsistent with the underlying legislative purpose." Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (cleaned up).

Douglas's building permit required its fire alarm system to comply with National Fire Protection Association (**NFPA**) 1 Fire Code, 2012 edition (**NFPA 1**), and NFPA 72 National Fire Alarm and Signaling Code, 2010 edition (**NFPA 72**). See ROH § 20-1.1 (1990). Reading the relevant NFPA provisions together, we conclude that the BBA did not err in applying the NFPA's audibility requirements to the subject building's lanais.

NFPA 1 section 13.7.1.4.10.1 states that "[o]ccupant notification shall be provided to alert occupants of fire," and section 13.7.1.4.10.2 provides that "[o]ccupant notification shall be in accordance with [sections] 13.7.1.4.10.3 through 13.7.1.4.10.10.2."

NFPA 1 section 13.7.1.4.10.6.1 states that "[t]he general evacuation alarm signal shall operate throughout the

11

entire building." (Emphasis added.) NFPA 1 sections 13.7.1.4.10.6.4 and 13.7.1.4.10.6.5 specifically provide that "[t]he general evacuation signal shall not be required to operate" in exit stair enclosures and elevator cars. It does not list any other exceptions to this general rule.

NFPA 1 section 13.7.1.4.10.7 states that "[a]udible alarm notification appliances shall be of such character and so distributed as to be effectively heard above the average ambient sound level that exists under normal conditions of occupancy."

NFPA 72 section 18.4.3.1 describes the audibility requirements for public mode signals, and provides that,

> To ensure that audible **public mode signals** are clearly heard, unless otherwise permitted by 18.4.3.2 through 18.4.3.5, they **shall have a sound level at least 15 dB above the average ambient sound level or 5 dB above the maximum sound level** having a duration of at least 60 seconds, whichever is greater, measured 5 ft (1.5 m) above the floor **in the area required to be served by the system** using the A-weighted scale (dBA).

(Emphasis added.)

The Fire Code, because it adopts the NFPA, requires a fire alarm system signal to operate throughout an entire building with a sound level of, inter alia, at least 15 dB above the average ambient sound level or 5 dB above the maximum sound level. Douglas's fire alarm system failed the inspection test because the NFPA's audibility requirements were not met on the subject building's lanais. The NFPA expressly requires that the evacuation signal be operated throughout the "entire building,"

12

except in elevator cars and exit stair enclosures.  Therefore, the subject building's lanais, which are part of the "entire building," are subject to NFPA 72's audibility requirements.[13]

For the foregoing reasons, we affirm the Circuit Court Order and the Judgment.

DATED: Honolulu, Hawaiʻi, November 21, 2025.

On the briefs:

Christopher J. Muzzi,
for Petitioner-Appellant-
Appellant and Nonparty-
Appellant-Appellant.

Brianna L. Weaver,
for Intervenor-Appellee-
Appellee and Respondent-
Appellee-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[13] The NFPA's audibility requirements for lanais are not inconsistent with HRS § 132-3 (2011), which permits the state fire council to "adopt a state fire code setting forth minimum requirements relative to the protection of persons and property from fire loss."